IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CINAMAKER, INC.,** | |
| **Plaintiff,** | **Civil Action No.** |
| v. | |
| **GARY BAKER,** | |
| **Defendant.** | |

### PLAINTIFF'S COMPLAINT FOR THEFT AND DECLARATORY JUDGMENT

Plaintiff Cinamaker, Inc. respectfully files this Complaint for Theft and Declaratory Judgment against Defendant Gary Baker, seeking a judgment from the Court holding that Mr. Baker must return Cinamaker's equipment or pay the fair market value for its equipment, and declare that Mr. Baker is not entitled to cash compensation as his deferred compensation.

### PARTIES AND VENUE

1. Plaintiff Cinamaker, Inc. ("Cinamaker") is a corporation incorporated in the State of Georgia, with its principal place of business located in Atlanta, Georgia and thus is a citizen of, and domiciled in, the State of Georgia.

2. Defendant Gary Baker is an individual resident of the State of California, who is domiciled in the city and county of Santa Barbara, California.

1

3. The court may exercise personal jurisdiction over Defendant, as Defendant has made several contacts with and has transacted business in the State of Georgia.

4. When analyzing personal jurisdiction, a court must "determine the law that governs its state-centered personal jurisdiction analyses. "Even in cases arising under federal law, '[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.'" *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.,* No. 2:21-CV-8, 2023 U.S. Dist. LEXIS 50665, at *13 (S.D. Ga. Mar. 24, 2023).

5. Under Georgia's long-arm statute, a court may exercise personal jurisdiction if any person "(1) transacts any business within this state; (2) commits a tortious act or omission within this state." O.C.G.A. § 9-10-91.

6. "A defendant has minimum contacts for the purposes of specific jurisdiction if [f]irst, the contacts [are] related to the plaintiff's cause of action or have given rise to it. Second, the contacts . . . involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum [are] such that the defendant should reasonably anticipate being haled into court there." *Jekyll Island-State Park Auth.,* 2023 U.S. Dist. LEXIS 50665 at *13.

7. Mr. Baker contracted with Cinamaker which he knew to be a Georgia company, he traveled to Georgia on multiple occasions to perform work for Cinamaker. Mr. Baker also attended several meetings in Georgia in order to meet with contractors and investors. Additionally, the equipment that Mr. Baker still possesses was also taken from Georgia.

8. Because of Mr. Baker's tortious conduct in Georgia by retaining Cinamaker's equipment, as well as performing business-related actions in Georgia for Cinamaker, this Court has personal jurisdiction over Mr. Baker.

9. The court has subject matter jurisdiction over this claim because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

10. The amount in controversy in this matter far exceeds $75,000.

11. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred at Cinamaker's principal place of business, which is located in Atlanta, Georgia.

## FACTUAL BACKGROUND

12. Gary Baker contracted with Cinamaker in September of 2017 as senior vice president of corporate development.

13. At the commencement of his relationship with Cinamaker, Cinamaker sent Mr. Baker an Offer Letter.

#101838067v3

14. The Offer Letter states Mr. Baker's Total Compensation will be as follows:

> While disbursement will be partially remitted as net cash compensation every two weeks, the balance will accrue as either stock warrants, options, or another instrument (TBD.)

15. Six months after he began performing services for Cinamaker, Mr. Baker sent Benjamin Nowak, Cinamaker CEO, an "Offer Memorandum" which provided the option to pay cash as the deferred compensation assuming there was mutual agreement of the parties "at a later date."

16. The Offer Memorandum states:

> While disbursement will be partially remitted as net cash compensation every two weeks, the balance will accrue as either stock warrants, options, cash, or another instrument to be mutually agreed upon at a later time by Cinamaker and Gary Baker. Records of accrued value will be maintained by Cinamaker and reported to Gary Baker on a monthly basis.

17. However, there was *never* any mutual agreement between the parties to pay cash for the deferred compensation.

18. In fact, Cinamaker tracked Mr. Baker's deferred compensation in stock and Mr. Baker was aware of this fact throughout his entire relationship with Cinamaker.

19. Mr. Baker resigned from Cinamaker in August of 2023 and demanded several hundred thousand dollars for his deferred compensation.

20. On November 10th, 2023, Cinamaker reached out to Mr. Baker regarding Cinamaker's equipment that Mr. Baker still possessed.

21. As of the date of this suit, Mr. Baker currently has: (1) 1 MacBook Pro 16" (2022 model); (2) 2 iPhone 12's; (3) 4 iPhone SE's; (4) 4 Canon Camcorders; (5) 6 HDMI encoders; (6) 1 Network router; (7) 1 Network Poe switch; (8) approximately 25 Lightning to Ethernet adapters; and (9) 4 professional LED lighting fixtures.

22. Mr. Baker also possesses proprietary and confidential company information on the MacBook Pro computer that he still possesses.

23. This proprietary and confidential information includes business plans, financial plans, historical corporate records, cap tables, and product roadmaps, which are outlines of plans the company intends to implement over the next 18 months.

24. On November 16th, Mr. Baker requested pre-paid shipping labels in order to return the equipment.

25. On November 20th, Cinamaker provided pre-paid shipping labels and asked that the equipment be shipped that day.

26. On November 28th and November 30th, Cinamaker followed up with Mr. Baker regarding the status of returning Cinamaker's property.

27. To date, Mr. Baker has failed to return the equipment or even respond to Cinamaker's request regarding the status of returning the equipment.

## Count 1: Theft

28. Cinamaker repeats and realleges each of the proceeding allegations as if set forth fully here.

29. Under Ga. Code Ann. § 16-8-2, "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, **unlawfully appropriates any property** of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." (emphasis added)

30. Following his departure, Mr. Baker was asked to return Cinamaker's equipment and was even provided with pre-paid shipping labels to do so.

31. However, despite Cinamaker's multiple request to return its equipment, Mr. Baker has yet to return Cinamaker's equipment.

32. Because Mr. Baker has failed to return Cinamaker's equipment, which contains confidential information, Cinamaker is entitled to the recovery of its equipment, and punitive damages for this intentional tort.

## Count 2: Conversion

33. Cinamaker repeats and re-alleges each of the proceeding allegations as if set forth fully here.

34. Cinamaker has demanded return of its property set forth in Paragraphs 21 and 22 above and Mr. Baker has failed or refused to return Cinamker's property.

35. Mr. Baker's failure or refusal to return Cinamaker's property constitutes conversion of Cinamaker's property.

36. Cinamaker is entitled to replevin of its property or, in the alternative, a judgment in the amount of the value of that property, and punitive damages for this intentional tort.

### Count 3: Declaratory Judgment

37. Cinamaker repeats and re-alleges each of the proceeding allegations as if set forth fully here.

38. The purpose of a declaratory judgment is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and this chapter is to be liberally construed and administered." O.C.G.A. § 9-4-1.

39. Furthermore, "[t]he object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Walker v. Owens*, 298 Ga. 516, 518, 783 S.E.2d 114, 116 (2016).

40. The Agreement executed between Mr. Baker and Cinamaker states that the parties will mutually agree at a later time as to what Mr. Baker's deferred compensation will be.

41. Mr. Baker alleges that he is entitled to cash compensation, however, Cinamaker has **not** agreed to cash compensation for Mr. Baker's deferred compensation.

42. Cinamaker has at all times been ready and willing to issue Mr. Baker his deferred compensation in stock – as consistently shown in the Company Capitalization Table.

43. Mr. Baker has refused to accept the stock and maintains he is entitled to cash payment, thus there exists a real case and controversy that may be resolved by a judgment from this Court.

44. In light of the Agreement and Mr. Baker and Cinamaker's inability to come to an agreement on the deferred compensation, Mr. Baker is **not** entitled to cash compensation under the Agreement because both Cinamaker and Mr. Baker have not agreed to providing cash compensation for his deferred compensation.

**Count 4: Expenses of This Litigation Pursuant to O.C.G.A. § 13-6-11**

45. Cinamaker repeats and re-alleges each of the proceeding allegations as if set forth fully here.

46. Mr. Baker has acted in bad faith, has been stubbornly litigious, and/or caused Cinamaker unnecessary trouble and expense.

47. Cinamaker is thus entitled to its expenses of litigation, including its attorneys' fees.

#101838067v3

## CONCLUSION

Plaintiff Cinamaker, Inc. respectfully requests this Court enter judgment in its favor and against Defendant Gary Baker, declaring the return of Cinamaker's equipment, as well as declaring that Mr. Baker is not entitled to cash compensation for his deferred compensation, and granting any and all legal and equitable relief to which Cinamaker is entitled whether specifically prayed for herein or not.

Respectfully submitted, December 4, 2023.

/s/ David J. Forestner

DAVID J. FORESTNER
Georgia Bar No. 269177
Jones Walker LLP
3455 Peachtree Road, NE, Suite 1400
Atlanta, Georgia 30326
(404) 870-7527

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1D

I hereby certify that the foregoing pleading was prepared with the Times New Roman font in 14-point type that conforms with Northern District of Georgia Local Rule 5.1C.

/s/ David J. Forestner

DAVID J. FORESTNER
Georgia Bar No. 269177

#101838067v3