1  OHN W. MILLS
   (CA State Bar No. 149861)
2  JONES WALKER, LLP
   3455 PEACHTREE ROAD NE,
3  SUITE 1400
   ATLANTA, GA 30326
4  TELEPHONE: 404-870-7517
   FACSIMILE: 404-870-7533
5
6  jmills@joneswalker.com

7  Attorney for Defendants

8           IN THE UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA

10
   GARY BAKER, an individual            )
11                                        )  **Case No.**  23-10611
           Plaintiffs,                    )
12                                        )  **DEFENDANTS' NOTICE OF**
           vs.                            )  **REMOVAL PURSUANT TO**
13                                        )  **28 U.S.C. § 1332, 1441, AND 1446**
   CINAMAKER, INC., a corporation,        )
14 BENJAMIN NOWAK, an individual, and    )  **COMPLAINT FILED**
   DOES 1 through 10, inclusive          )
15                                        )  **DECEMBER 11, 2023**
   Defendants.                           )
16                                        )
                                          )
17                                        )
                                          )
18                                        )

19 _____

20         TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21 DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF

22 RECORD:

23         **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants

24 Cinamaker, Inc. and Benjamin Nowak ("Defendants") hereby remove this action entitled *Gary*

25 *Baker v. Cinamaker, Inc. and Benjamin Nowak*, Case No. 23CV05455 ("State Action") in Santa

26 Barbara Superior Court of California to the United States District Court for the Central District of

27
28

NOTICE OF REMOVAL
#101873879v2

California, which is the judicial district within which this action is pending, on the grounds set forth below.

## BACKGROUND

1.    On December 11, 2023, Plaintiff Gary Baker ("Baker" or "Plaintiff") filed his complaint in the Superior Court of the State of California for the County of Santa Barbara. A true and correct copy of the Complaint is attached hereto as Exhibit C. This Complaint alleges causes of action for damages and injunctive relief for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) misclassification as independent contractor, (4) unpaid contract wages, (5) violation of Labor Code § 226, (6) waiting time penalties, (7) expense reimbursement, (8) unfair business practices, and (9) defamation.

2.    Plaintiff requests for special, general, and compensatory damages, including lost wages and benefits, emotional distress damages, punitive and exemplary damages, attorneys' fees, and other "relief as the Court deems just and proper."

3.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Action are attached hereto as follows:

        a.    Exhibit A: Notice and Acknowledgment of Receipt

        b.    Exhibit B: Summons

        c.    Exhibit C: Complaint

        d.    Exhibit D: Cover Sheet

        e.    Exhibit E: Cover Sheet Addendum

        f.    Exhibit F: Order and Notice of Case Assignment

## THE NOTICE OF REMOVAL IS TIMELY

4.    Plaintiff filed the Complaint on December 11, 2023. Accordingly, this removal is timely filed in accordance with 28 U.S.C. § 1446(b), since less than 30 days have elapsed since

NOTICE OF REMOVAL
#101873879v2

Defendants first received the pleading setting forth the claim for relief upon which this removal is based.

### **GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

5.      The State Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states, and the matter in controversy for the plaintiff exceeds $75,000, exclusive of interest and costs. As such, the State Action is removable to this Court under 28 U.S.C. § 1441(a).

6.      Plaintiff is a resident of Santa Barbara County, California and is domiciled in California. See Exhibit C, ¶ 1. Defendant Cinamaker, Inc. ("Cinamaker") is incorporated in the State of Georgia with its principal place of business located in Cobb County, Georgia. Defendant Benjamin Nowak is a resident of and is domiciled in Cobb County, Georgia. Plaintiff and Defendants are thus diverse under 28 U.S.C. § 1332.

7.      The value of Plaintiff's requested relief exceeds $75,000. The amount in controversy is determined at the outset from the good faith allegations or prayer of the complaint. *Crum v. Circus enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The amount in controversy may include compensatory damages claims for "general" damages and "special" damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)

8.      Although Defendant denies any liability whatsoever to Plaintiff for the claims asserted in the Complaint, if proven at trial, their value would exceed $75,000. Plaintiff has alleged nine (9) different causes of action. *See* Exhibit C, pp. 1.  In the Complaint, Plaintiff requests civil penalties for each violation of misclassification as independent contractor, damages for unpaid wages, civil penalties for failing to provide wage statements, failure to pay wages within 30 days, money expended as a result of Plaintiff's discharge, and compensatory damages in excess of $50,000 for defamation. *See* Exhibit C, ¶¶  34, 39, 48, 49, 56, 60, 64, 57(2), 79, and 80. Each civil

NOTICE OF REMOVAL

penalty that plaintiff alleges ranges from $5,000 to $25,000 for each violation. *See* Exhibit C, ¶¶ 48 and 29. Furthermore, Plaintiff alleges unpaid "agreed upon" wages (referring to deferred compensation in the form of stock), which in and of itself amounts to several hundred thousand of dollars. Thus, the amount in controversy in this action clearly exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.

9.     For the aforementioned reasons, this Court has original jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1332(a)(1). Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

10.     Pursuant to 28 U.S.C. §§1332, 1441, and 1446, and without prejudice to any defenses it may have to Plaintiff's action, Defendants files this Notice of Removal based on diversity of citizenship.

11.     Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this Notice of Removal with this Court, Defendants will file a copy of the Notice of Removal with the clerk of court for the Superior Court of California for the County of Santa Barbara and will give prompt written notice to Plaintiff as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendants Cinamaker, Inc. and Benjamin Nowak removes the above-titled action now pending in the Superior Court of the State of California for the County of Santa Barbara to this Court, and that this Court assume fill jurisdiction over this action as provided by law.

DATED:  December 19, 2023                    **JONES WALKER, LLP**

By:     ___/s/ John W. Mills_____
John W. Mills
jmills@joneswalker.com
Attorney for Defendants CINAMAKER, INC.
and BENJAMIN NOWAK

#101873879v2

# EXHIBIT A

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James H. Cordes, Esq.    State Bar No. 175398<br>James H. Cordes and Associates<br>831 State Street, Suite 205<br>Santa Barbara, California 93101<br>  TELEPHONE NO.: 805/965-6800     FAX NO. *(Optional):* 805/965-5556<br>  E-MAIL ADDRESS *(Optional):* jim@jamescordes.com<br>  ATTORNEY FOR *(Name):* Plaintiff GARY BAKER | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>  STREET ADDRESS: 1100 Anacapa Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Santa Barbara, CA 93101<br>  BRANCH NAME: ANACAPA DIVISION |
| PLAINTIFF/PETITIONER: GARY BAKER<br><br>DEFENDANT/RESPONDENT: CINAMAKER, INC. et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23CV05455 |

TO *(insert name of party being served):* CINAMAKER, INC., c/o Sidney F. Lewis, Esq.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 12, 2023

James H. Cordes, Esq.
     (TYPE OR PRINT NAME)               ▶      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: December ____, 2023

Sidney F. Lewis, Esq. for CINAMAKER, INC.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
   ▶   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| James H. Cordes, Esq.      State Bar No. 175398<br>James H. Cordes and Associates<br>831 State Street, Suite 205<br>Santa Barbara, California 93101<br>TELEPHONE NO.: 805/965-6800     FAX NO. *(Optional):* 805/965-5556<br>E-MAIL ADDRESS *(Optional):* jim@jamescordes.com<br>ATTORNEY FOR *(Name):* Plaintiff GARY BAKER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: ANACAPA DIVISION

PLAINTIFF/PETITIONER: GARY BAKER

DEFENDANT/RESPONDENT: CINAMAKER, INC. et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>23CV05455 |
|---|---|

TO *(insert name of party being served):* BENJAMIN NOWAK, c/o Sidney F. Lewis, Esq.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 12, 2023

James H. Cordes, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: December ____, 2023

Sidney F. Lewis, Esq. for BENJAMIN NOWAK
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CINAMAKER, INC., a corporation, BENJAMIN NOWAK, an individual, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GARY BAKER, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/11/2023 11:11 AM
By: Narzralli Baksh , Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Barbara Superior Court, Anacapa Division, 1100 Anacapa Street, Santa Barbara, California 93101

CASE NUMBER: *(Número del Caso):*
**23CV05455**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James H. Cordes, Esq., 831 State Street, Suite 205, Santa Barbara, CA 93101, (805) 965-6800

DATE: December 8, 2023  12/11/2023
*(Fecha)*

Clerk, by /s/ Narzralli Baksh , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT C

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/11/2023 11:11 AM
By: Narzralli Baksh , Deputy

1  James H. Cordes (#175398)
Angelica J. Caro (#318821)
2  James H. Cordes and Associates
831 State Street, Suite 205
3  Santa Barbara, CA 93101
Telephone: (805) 965-6800
4  Facsimile: (805) 965-5556

5  Attorney for Plaintiff
GARY BAKER
6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **COUNTY OF SANTA BARBARA**

10               **ANACAPA DIVISION**            23CV05455

11  GARY BAKER, an individual,              )    **COMPLAINT FOR DAMAGES AND**
                                            )    **INJUNCTIVE RELIEF**
12                     Plaintiffs,          )
                                            )    **1. Breach of Contract;**
13            vs.                           )
                                            )    **2. Breach of the Implied Covenant of**
14  CINAMAKER, INC., a corporation,         )    **Good Faith and Fair Dealing;**
    BENJAMIN NOWAK, an individual, and      )
15  DOES 1 through 10, inclusive,           )    **3. Misclassification as Independent**
                                            )    **Contractor**
16                     Defendants.          )
                                            )    **4. Unpaid Contract Wages;**
17                                          )
                                            )    **5. Violation of <u>Labor Code</u> §226;**
18                                          )
                                            )    **6. Waiting Time Penalties;**
19                                          )
                                            )    **7. Expense Reimbursement;**
20                                          )
                                            )    **8. Unfair Business Practices; and,**
21                                          )
                                            )    **9. Defamation.**
22                                          )
    _____)    **<u>DEMAND FOR JURY TRIAL</u>**
23

24                      **<u>GENERAL ALLEGATIONS</u>**

25        1.     Plaintiff GARY BAKER ("Mr. Baker" or "Plaintiff") is an individual who, at all

26  times relevant herein, worked and resided in or around the City and County of Santa Barbara,

27  State of California.

28

                                      1
──────────────────────────────────────────────────────

2. Defendant CINAMAKER, INC. ("Cinamaker") is a corporation which, at all times relevant herein, had its principal place of business in and around the City of Atlanta, State of Georgia.

3. Defendant BENJAMIN NOWAK ("Nowak") is an individual who, at all times relevant herein, worked and resided in and around the City of Atlanta, State of Georgia.

4. Cinamaker, Nowak, and DOES 1 through 10 are collectively referred to as "Defendants."

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of the court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when the same have been finally ascertained.

6. Whenever in this Complaint reference is made to "Defendants," such allegations shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

7. Plaintiff is  informed and believes and based thereon alleges, that at all times mentioned herein, each of the Defendants was the alter ego, agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, and conspiracy.

8. Plaintiff is informed and believes and based thereon alleges that Defendant Nowak was a supervisory employee and managing agent of Defendant Cinamaker and DOES 1-10 at all times relevant.

9. Plaintiff is further informed and believes and based thereon alleges that Defendant Nowak was an owner, director, officer, or managing agent of Defendant Cinamaker and DOES 1-10 throughout the course of Plaintiffs' employment. As a result thereof, Defendant Nowak is

2

(Complaint for Damages and Injunctive Relief)

1    individually liable to Plaintiffs for Defendants' violations of the California Labor Code and
2    Wage Order No. 4 under <u>Labor Code</u> §§ 1197.1 and 558.1.

3           10.    On May 29, 2020, the California Judicial Council approved a revision to
4    Emergency Rule 9 regarding the statutes of limitations for filing civil cases during the
5    COVID-19 pandemic. The amended Emergency Rule 9 is no longer tied to the statewide state of
6    emergency declaration. The new rule tolls statutes of limitations and repose for civil causes of
7    action as follows: (a) statutes of limitations and repose for civil causes of action that exceed 180
8    days are tolled from April 6, 2020 until October 1, 2020; and (b) statutes of limitations and
9    repose for civil causes of action that are 180 days or less are tolled from April 6, 2020 until
10   August 3, 2020.

11                                **Factual Background**

12          11.    Cinamaker hired Mr. Baker under a written Offer Memorandum dated September
13   1, 2017 ("Agreement") as Senior Vice President of Corporate Development at a salary of
14   $200,000 per year, or $16,667 per month. Most recently, Cinamaker referred to Mr. Baker as its
15   President and Chief Operating Officer.  The written Agreement provided, *inter alia*, that
16   compensation would be partially remitted as "net cash compensation (after tax withholding)" of
17   $3,500 every two weeks and the balance would accrue as either stock, warrants, options, cash, or
18   another instrument; that records of accrued value will be maintained by Cinamaker and reported
19   to Gary Baker on a monthly basis; and that Cinamaker would be responsible for paying the tax
20   withholding obligation. A true and correct copy of the Agreement is attached as Exhibit A and
21   incorporated herein by this reference.[1]

22          12.    Mr. Baker worked exclusively and full-time as President and COO of Cinamaker
23   for the benefit of Cinamaker. As the Agreement notes,

24          "We're delighted to extend this offer of ***employment*** for the position of
            Senior Vice President of Corporate Development with Cinamaker Inc.. Should
25          you accept this offer, your start date will be 9/1/2017 for a minimum period of one
            year. You will report to the Company's CEO, Benjamin Nowak. Please review
26          this summary of terms and conditions for your anticipated ***employment*** with us."
27          (Emphasis added.)

28          [1]    At the time Mr. Baker signed the Agreement, it did not contain the handwriting in
     the upper left and along the left side.

(Complaint for Damages and Injunctive Relief)

"Your title will be Senior Vice President of Corporate Development. This is a full-time position while you are employed at the company. Outside of your previous mentoring obligations with the Impact Hub, Santa Barbara, you will not engage in other employment or contract work unless agreed upon by Cinamaker and Gary Baker."

13.    Mr. Baker fulfilled multiple roles and needs of the company, including but not limited to Corporate Development, Business Development, Customer Support, Marketing, Communications/PR, Content Development, Video Production, Events Planning & Support, Sales, President & COO. Mr. Baker dedicated his time, from September 1, 2017 to August 27, 2023, averaging 50 to 60 hours per week (and accessible 24/7) responding to support queries, internal requests, frequently cancelling travel and personal time to support the needs of Cinamaker.

14.    A few months after the start of Mr. Baker's employment and at his request, Cinamaker increased the amount of Mr. Baker's "net cash compensation" to $7,500 per month.

15.    On or about March 1, 2018, Cinamaker offered Mr. Baker ten percent of Cinamaker's stock which would be earned over a three year period via email from Nowak which stated:

"May I present you with your golden handcuffs. [¶] Let this be email be official notification that as we are presently organizing our corporate structure that Cinamaker, Inc. is offering you, as an incentive package, being a senior executive in the business, 10% of Cinamaker's stock to be earned out over a 3 year period beginning on March 1st, 2018. [¶] We will work with you, our contract CFO and CPA to determine the best structure and format to manage the grant. [¶] The basic terms of the stock arrangement are the following details are TBD."

16.    Nowak confirmed orally and in writing the plain language of his offer: that the ten percent was separate from and addition to any equity that was being earned and accrued in lieu of wages.

17.    In 2020, Mr. Baker filed his tax returns for the years 2018, 2019, and 2020 and received a tax bill for the unpaid taxes.

18.    In or around December, 2021, Cinamaker made a $30,000 payment toward Mr. Baker's outstanding tax bill. Shortly thereafter, Cinamaker began making monthly payments to Mr. Baker of $750 toward his outstanding tax bill.

4

(Complaint for Damages and Injunctive Relief)

19. On or about May, 2022, Mr. Baker reviewed Cinamaker's proposed "Cap Table" and other documents and became aware that the handwritten portion of Exhibit A was added by Nowak without reviewing with Mr. Baker's input or agreement. Mr. Baker emailed Nowak for clarification about the status of his deferred compensation. Nowak never responded.

20. In October, 2022, Mr. Baker submitted his 2021 tax bill.

21. In November, 2022, Mr. Baker's "net cash compensation" was raised to $10,000 per month, and in July, 2023 Mr. Baker's "net cash compensation" was raised to $13,000 per month.

22. On or about August 8, 2023, Nowak inquired with Mr. Baker about his outstanding tax bill. Mr. Baker responded he would submit his 2022 tax bill that weekend. In response, Nowak stated in sum or substance that Mr. Baker had the wrong impression of his salary and gave Mr. Baker an ultimatum to either (1) reduce his monthly earnings to $7,500 and have Cinamaker pay the outstanding taxes or (2) keep his monthly earnings at $13,000 per month and he pay his tax obligation himself, saying,"You need to think about this. If this is your requirement we can't go on."

23. As of this time, the deferred compensation due through 2023 had accrued to approximately $698,993.33; the unpaid taxes on Mr. Baker's compensation from 2018-2020 and 2022 was approximately $19,355 and liable to accrue additional penalties and interest for remaining unpaid; and the current 2023 tax obligation was approximately of $12,620.18.

24. Mr. Baker did not agree to any of these proposed changes to his Agreement.

25. On or about August 14, 2023, and based on Nowak's comments from August 8, 2023, that, "you need to think about this. If this is your requirement we can't go on," Mr. Baker told David Hirsch, the lead investor and majority owner of Cinamaker ("Mr. Hirsch"), of his intention to resign but to remain available through September 15, 2023 to assist with any transition. Mr. Hirsch asked him not to tell Nowak because he wanted to convey that information himself. Mr. Baker followed by immediately sending a resignation letter to Mr. Hirsch.

26. On or about August 27, 2023, Mr. Baker sent the resignation letter to Nowak and again to Mr. Hirsch, to whom Mr. Baker had originally sent it on or about August 14, 2023. Mr.

Baker requested payment of his deferred salary, payment of outstanding taxes and 2023 estimated taxes, and the recording of his 10% Cinamaker stock. Mr. Baker also provided a summary of the outstanding balances.

27.     As of Mr. Baker's final date of employment, he had accrued approximately $2,033.67 in unreimbursed expenses. Despite Mr. Baker making a request for reimbursement, those expenses have not been reimbursed.

28.     On or about August 28, 2023, between 12:40 AM and 1:30 AM, Nowak defamed Mr. Baker in group Skype messages to members of the Cinamaker engineering, and marketing, and operations leadership, including but not limited to a message at 12:57 AM PST which included the following; "Gary no longer works here… Please remove any credentials. I would ask nobody engages…." Six minutes later, he followed up: "Please remove Gary the Thief." A true and correct copy of that message is attached as Exhibit B.

## **FIRST CAUSE OF ACTION**

### (*Breach of Contract Against Cinamaker and DOES 1-5*)

29.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

30.     Plaintiffs fully performed all conditions, covenants, and promises to be performed by them under the Agreement.

31.     Defendants failed to make payments and perform their obligations to Plaintiff under the Agreement.

32.     Plaintiff has been damaged and continue to be damaged in an amount to be proven at trial as a result of Defendants' breaches as described above.

33.     As a result of Defendants' conduct in not paying Plaintiff the agreed-upon wages, Plaintiff has been deprived of his agreed-upon wages.

34.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has sustained and will sustain damages in the amount his agreed-upon wages.

6

## SECOND CAUSE OF ACTION

### *(Breach of the Implied Covenant of Good Faith and*
### *Fair Dealing Against Cinamaker and DOES 1-5)*

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

36. At all times relevant to this action there existed with respect to the contract between the parties an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiff and Plaintiff's performance under said employment contract and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the contract to be performed by him or any act that would interfere with Plaintiff's employment of the fruits of said contract. Specifically, said covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the contract.

37. Plaintiff has performed all acts, conditions, covenants, promises and other obligations required to be performed by them under the terms of the Agreement.

38. By their unlawful actions and breach of the Agreement as set forth herein, Defendants breached their implied covenant of good faith and fair dealing owed to Plaintiff.

39. As a direct and proximate result of said breach by Defendants, Plaintiff has sustained and will sustain damages in the amount his agreed-upon wages.

## THIRD CAUSE OF ACTION

### *(Misclassification as Independent Contractor Against Cinamaker and DOES 1-5)*

40. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

41. Labor Code §350, subdivisions (a) through (c), provides,

a. "(a) 'Employer' means every person engaged in any business or enterprise in this state that has one or more persons in service under any appointment, contract of hire, or apprenticeship, express or implied, oral or written, irrespective of whether the person is the owner of the business or is operating on a concessionaire or other

7

basis.

b.    (b) 'Employee' means every person, including aliens and minors, rendering actual service in any business for an employer, whether gratuitously or for wages or pay, whether the wages or pay are measured by the standard of time, piece, task, commission, or other method of calculation, and whether the service is rendered on a commission, concessionaire, or other basis.

c.    (c) 'Employing' includes hiring, or in any way contracting for, the services of an employee."

42.    <u>Labor Code</u> §2750 provides in full, "The contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person."

43.    The definition of "employer" for purposes of California wage and hour laws is set forth in the Wage Orders promulgated by the Industrial Welfare Commission at Section 2 and reads in relevant part as follows: "'Employer' means any person ... who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."

44.    At all times relevant herein, Plaintiff's wages and hours and working conditions were governed by, *inter alia*, Title 8, <u>California Code of Regulations</u> Section 11040, Industrial Welfare Commission Order No. 4 ("Wage Order 4").

45.    <u>Labor Code</u> §558.1, subd. (a), (b), and (c) provide:

"Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226. 7, 1193. 6, 1194, or 2802, may be held liable as the employer for such violation;

"For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

"Nothing in this section shall be construed to limit the definition of employer under existing law."

8

(Complaint for Damages and Injunctive Relief)

46. <u>Labor Code</u> §268 makes it unlawful for any person or employer willfully to misclassify an individual as an independent contractor or to make any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts would have violated the law if the individual had not been misclassified.

47. During the time Plaintiff worked Defendants, Plaintiff was an employee of Defendants as defined by <u>Labor Code</u> §§ 350, subd. (b) and 2750. However, Defendants willfully misclassified Plaintiff as an independent contractor. By so doing, Defendants lowered their cost of doing business by means of, *inter alia*, the following:

a. Defendants did not report or pay the employer's share of federal or state payroll taxes with respect to any of the funds paid to Plaintiff as required by federal and state law;

b. Defendants did not provide or pay for Workers Compensation insurance for Plaintiff;

c. Defendants did not provide or pay for State Disability insurance for Plaintiff; and,

d. Defendants did not provide or pay for benefits to Plaintiff that other of Defendants' employees received.

48. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff is entitled to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

49. As a direct and proximate result of Defendants' pattern and practice as alleged above, Plaintiff is are entitled to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

/ / /

/ / /

/ / /

(Complaint for Damages and Injunctive Relief)

## FOURTH CAUSE OF ACTION

### *(Unpaid Contract Wages Against All Defendants)*

50.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

51.     This action is brought by Plaintiff under <u>Labor Code</u> §204 which provides that wages earned must be paid at least twice per calendar month on regular paydays.

52.     <u>Labor Code</u> §212 provides, in pertinent part, that wages must be paid by an instrument that is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, and that an employer may not pay wages via any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

53.     <u>Labor Code</u> §219, subdivision (a)  provides, in pertinent part, that, "***no provision*** of this  article [ARTICLE 1. General Occupations [200 - 244]] ***can in any way be contravened or set aside by a private agreement***, whether written, oral, or implied." (Emphasis added.)

54.     Plaintiff performed work and earned wages but was not paid all wages earned at least twice per calendar month on regular paydays.

55.     As a result of Defendants' conduct in not paying Plaintiff his wages, Plaintiff  has been deprived of his wages for all hours worked.

56.     As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff has sustained and will sustain damages in the amount his unpaid wages for all hours worked..

## FIFTH CAUSE OF ACTION

### *(Violation of <u>Labor Code</u> §226 Against All Defendants)*

57.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

58.     This action is brought by Plaintiff under <u>Labor Code</u> §226, which sets forth reporting requirements for employers when paying wages, including,

10

(Complaint for Damages and Injunctive Relief)

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an itemized statement in writing showing (1) gross wages earned...."

Subdivision (e) provides,

"(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

"(2)(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

Subdivision (g) provides, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

59. On the pay periods in which Defendants underpaid wages to Plaintiff, Defendants did not provide accurate corresponding wage statements.

60. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff is entitled to a civil penalty of fifty dollars ($50) for the initial pay period, and one hundred dollars ($100) for each subsequent pay period, for which Defendants violated the reporting requirements of <u>Labor Code</u> §226, up to a maximum of $4,000, together with interest thereon and attorney's fees and costs.

## **SIXTH CAUSE OF ACTION**

### *(Waiting Time Penalties Against All Defendants)*

61. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

62. This action is brought under <u>Labor Code</u> §203, which, at all times relevant herein, provided that if an employer willfully fails to pay any wages of an employee who is discharged or quits, the wages of such employee shall continue as from the due date thereof at the same rate until paid or until an action therefor is commenced, for not more than 30 days.

63. More than thirty days have past since Plaintiff was discharged or quit his employment with Defendants.

11

64.     As a result of Defendants' willful conduct in not paying the wages to which Plaintiff was were entitled, Plaintiff is are entitled to thirty days wages as penalty wages under Labor Code §203 together with interest thereon and attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

### *(Expense Reimbursement under Labor Code §2802 against all Defendants)*

54.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

55.     Plaintiff brings this action under Labor Code §2802, which provides employers shall indemnify their employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of their duties or of their obedience to the directions of the employer.

56.     Plaintiff was required by Defendants to expend monies in direct consequence of the discharge of his duties or of his obedience to the directions of the employer, most recently in an amount of $2,033.67.

57.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has sustained and will sustain damages in the amount of the monies incurred by him in direct consequence of the discharge of his duties or of his obedience to the directions of the employer as described above; namely, expenses most recently in an amount of $2,033.67.

## EIGHTH CAUSE OF ACTION

### *(Unfair Business Practices Against All Defendants)*

65.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

66.     Plaintiff  brings this action for himself and on behalf of the People of the State of California under the provisions of the Business & Professions Code §§17200 *et seq.* Among the persons adversely affected the unfair business practices of Defendants as alleged herein are all Defendants' employees who did not receive the agreed-upon wages to which they were entitled.

67.     Business & Professions Code §§17200 *et seq.* defines unfair competition to include any "unfair," "unlawful," or "deceptive" business practice. Business & Professions Code

(Complaint for Damages and Injunctive Relief)

§§17200 *et seq.* provides for injunctive and restitutionary relief for violations. Defendants' failure to provide their employees with their agreed-upon wages constitutes an unfair, unlawful and deceptive business practice.

68.   As a direct and proximate result of Defendants' conduct as alleged herein, Plaintifs and current and former employees of Defendants have been damaged as a result of Defendants' failure to provide their employees their agreed-upon wages.

69.   Under Business & Professions Code §§17200 and 17203, Plaintiffs and current and former employees of Defendants are entitled to restitution of all their unpaid agreed-upon wages wrongfully withheld by Defendants, together with interest thereon.

70.   Under Business & Professions Code §§17200 and 17203, Plaintiff and current and former employees of Defendants are also entitled to recover penalties under Labor Code §§ 203 and 226.

71.   Under Business & Professions Code §17203, Plaintiff seeks on his own behalf and on behalf of the People of the State of California an order enjoining Defendants from continuing its aforesaid unlawful practices. Injunctive relief is appropriate to avoid a multiplicity of suits for continuing violations of Business & Professions Code §§17200 *et seq*.

## NINTH CAUSE OF ACTION

### *(Defamation Against all Defendants)*

72.   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

73.   The August 28, 2023 group Skype messages (Ex. B) sent by Nowak to members of the Cinamaker engineering, and marketing, and operations leadership, including but not limited to a message at 12:57 AM PST which included the following; "Gary no longer works here… Please remove any credentials. I would ask nobody engages…." Six minutes later, he followed up: "Please remove Gary the Thief" was slanderous *per se* because it was a "writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (Civil Code §45.)

13

(Complaint for Damages and Injunctive Relief)

74.     Plaintiff is informed and believes and based thereon alleges that Defendants knew that there was no truth to his statements (including their implications) and that the probable affect of those publications was to harm Plaintiff's professional reputation.

75.     Plaintiff is informed and believes and based thereon alleges that Defendants republished or caused to be republished or knew or should have known that the group Skype messages (Ex. B) would be republished other individuals.

76.     The group Skype messages (Ex. B) were false and did not reflect Plaintiff's ability to perform his job and ability to carry out his duties.

77.     That group Skype messages (Ex. B) were not privileged because that Defendants published and republished them with personal animosity, hatred, and ill will toward Plaintiff.

78.     Further, that Defendants made the above-described publications and republications with either the knowledge that they were false or without any reasonable grounds for believing that they were true.

79.     As a direct and proximate result of the above-described publications and republications, Plaintiff has suffered and continues to suffer general damages to his reputation, and for humiliation and mental anguish and emotional distress of the sort normally associated with the publication of defamatory statements. Plaintiff is thereby entitled to general and compensatory damages in excess of $50,000.00 to be proven at time of trial.

80.     The outrageous conduct of Defendants, as described herein, was willful and done with fraud, oppression, and malice and with a conscious disregard for Plaintiff's right to be free from defamation and with the intent, design, and purpose of injuring him. Plaintiff is entitled to punitive and exemplary damages from Defendants in an amount appropriate to punish and make an example of Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     For breach of contract damages, according to proof, together with interest thereon;

2.     For a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or

fines permitted by law;

3.　　For a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law;

4.　　For unpaid wages, according to proof, together with interest thereon;

5.　　For a wage premium of fifty dollars ($50) for the first period for which Defendants supplied Plaintiff with wage statements in violation of Labor Code §226 and one hundred dollars ($100) for each subsequent pay period for which Defendants supplied Plaintiff with wage statements in violation of Labor Code §226;

6.　　For penalties under Labor Code §203 according to proof;

7.　　For reimbursement of all expenses incurred in direct consequence of the discharge of his duties or of his obedience to the directions of the employer according to proof, together with interest thereon;

8.　　For restitution of full amounts, plus interest at the legal rate, of all unpaid wages and wage premiums;

9.　　For an order enjoining Defendants from continuing to engage in the aforementioned unlawful business practice in violation of Business & Professions Code §17200;

10.　　For interest under Labor Code §§218.6 and 226;

11.　　For special, general, and compensatory damages, including lost wages and benefits, and emotional distress damages, in excess of $50,000.00, according to proof;

12.　　For punitive or exemplary damages, according to proof;

13.　　For expenses, costs of suit and attorneys' fees; and,

14.　　For such other and further relief as the Court deems just and proper.

DATED: December 8, 2023

James H. Cordes and Associates,
[ELECTRONICALLY SIGNED; CRC RULE 2.257]

/s/ James H. Cordes

James H. Cordes, Esq..
Attorney for Plaintiff
GARY BAKER

15

(Complaint for Damages and Injunctive Relief)

## DEMAND FOR JURY TRIAL

Plaintiff GARY BAKER hereby demands a trial by jury.

DATED: December 8, 2023

James H. Cordes and Associates,
[ELECTRONICALLY SIGNED; CRC RULE 2.257]

/s/ *James H. Cordes*

James H. Cordes, Esq..
Attorney for Plaintiff
GARY BAKER

16

(Complaint for Damages and Injunctive Relief)

# EXHIBIT A

9/1/17

OFFER MEMORANDUM

*Communicated [illegible] for 2nd [illegible] early Feb - ONLY comp ① 1ST ② Y/rs given 250 total comp in stock + 2 years SWEAT EQUITY PARTNER*

DEAR GARY,

WE'RE DELIGHTED TO EXTEND THIS OFFER OF EMPLOYMENT FOR THE POSITION OF SENIOR VICE PRESIDENT OF CORPORATE DEVELOPMENT WITH CINAMAKER INC.. SHOULD YOU ACCEPT THIS OFFER, YOUR START DATE WILL BE 9/1/2017 FOR A MINIMUM PERIOD OF ONE YEAR. YOU WILL REPORT TO THE COMPANY'S CEO, BENJAMIN NOWAK.

PLEASE REVIEW THIS SUMMARY OF TERMS AND CONDITIONS FOR YOUR ANTICIPATED EMPLOYMENT WITH US.

POSITION

YOUR TITLE WILL BE SENIOR VICE PRESIDENT OF CORPORATE DEVELOPMENT. THIS IS A FULL-TIME POSITION WHILE YOU ARE EMPLOYED AT THE COMPANY. OUTSIDE OF YOUR PREVIOUS MENTORING OBLIGATIONS WITH THE IMPACT HUB, SANTA BARBARA, YOU WILL NOT ENGAGE IN OTHER EMPLOYMENT OR CONTRACT WORK UNLESS AGREED UPON BY CINAMAKER AND GARY BAKER.

TOTAL COMPENSATION

THE COMPANY WILL PAY YOU A STARTING SALARY AT THE RATE OF $200,000 PER YEAR, $16,667 PER MONTH. INITIALLY, DISBURSEMENT WILL BE PARTIALLY REMITTED AS NET CASH COMPENSATION (AFTER TAX WITHOLDING) OF $3350.00 EVERY TWO WEEKS AND THE BALANCE WILL ACCRUE AS EITHER STOCK WARRANTS, OPTIONS, CASH, OR ANOTHER INSTRUMENT TO BE MUTUALLY AGREED UPON AT A LATER TIME BY CINAMAKER AND GARY BAKER. TAX WITHHOLDING WILL BE CALCULATED AND PAID BY THE COMPANY.

EQUITY

WHILE DISBURSEMENT WILL BE PARTIALLY REMITTED AS NET CASH COMPENSATION EVERY TWO WEEKS, THE BALANCE WILL ACCRUE AS EITHER STOCK WARRANTS, OPTIONS, CASH, OR ANOTHER INSTRUMENT TO BE MUTUALLY AGREED UPON AT A LATER TIME BY CINAMAKER AND GARY BAKER. RECORDS OF ACCRUED VALUE WILL BE MAINTAINED BY CINAMAKER AND REPORTED TO GARY BAKER ON A MONTHLY BASIS.

*Gary Baker*

_____                    _____

GARY BAKER                                                      BENJAMIN NOWAK

Case 1:23-cv-01557... Document... Filed 03/08/24 Page 28 of 41 #:29

# EXHIBIT B

Case 2:23-cv-21994 Document 5 Filed 04/17/23 Page 30 of 41 Page ID #:30

8:17



**Benjamin Nowak in "...** 1:01 AM
please remove Gary the thief



**Benjamin Nowak** 12:59 AM
fuck you loser



**Benjamin Nowak in...** 12:57 AM
Gary no longer works here...
Please remove any credentials.

I would ask nobody engages...



**Benjamin Nowak** 12:42 AM
14044836688 Deposited a
new message:
"Hey, you think you have
money, you fucking psycho, y...



**Benjamin Nowak in...** 1:05 AM
Please remove Gary the Thief'



**Benjamin Nowak in...** 1:03 AM
please remove Gary the Thief


you for almost 18 months but
you're in major cognitive







8:17

Benjamin Nowak in... 1:05 AM
Please remove Gary the Thief'

Benjamin Nowak in... 1:03 AM
please remove Gary the Thief

Benjamin Nowak 1:55 AM
harsh reality
I have not had the heart to tell
you for almost 18 months but
you're in major cognitive
decline. The only reason you'...

Benjamin Nowak 1:32 AM
harsh reality
I have not had the heart to tell
you for almost 18 months but
you're in major cognitive
decline. The only reason you'...

Benjamin 12:41 AM
 Voicemail

 Missed call




# EXHIBIT D

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>James H. Cordes (#175398), James H. Cordes and Associates<br>831 State Street, Suite 205<br>Santa Barbara, CA 93101<br>TELEPHONE NO.: 805/965-6800   FAX NO. (Optional): 805/965-5556<br>E-MAIL ADDRESS: jim@jamescordes.com<br>ATTORNEY FOR (Name): Plaintiff GARY BAKER | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>12/11/2023 11:11 AM<br>By: Narzralli Baksh , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

CASE NAME:
GARY BAKER v. CINAMAKER, INC. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>23CV05455 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Nine (9)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 8, 2023
James H. Cordes
_____
(TYPE OR PRINT NAME)

[Electronically signed; CRC Rule 2.257]
/s/ James H. Cordes
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT E

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| James H. Cordes (#175398)<br>James H. Cordes and Associates<br>831 State Street, Suite 205<br>Santa Barbara, Ca 93101 | (805) 965-6800 | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>12/11/2023 11:11 AM<br>By: Narzralli Baksh , Deputy |

ATTORNEY FOR *(NAME)*:  Plaintiff GARY BAKER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**

| ☒ Santa Barbara–Anacapa<br>1100 Anacapa Street<br>Santa Barbara, CA 93101 | ☐ Santa Maria-Cook<br>312-C East Cook Street<br>Santa Maria, CA 93454 | ☐ Lompoc Division<br>115 Civic Center Plaza<br>Lompoc, CA 93436 |
|---|---|---|

PLAINTIFF:  GARY BAKER

DEFENDANT: CINAMAKER, INC. et al.

| **CIVIL CASE COVER SHEET ADDENDUM** | CASE NUMBER:<br>23CV05455 |
|---|---|

Santa Barbara County Superior Court Local Rule, rule 201 divides Santa Barbara County geographically into two separate regions referred to as "South County" and "North County," the boundaries of which are more particularly defined in rule 201. "South County" includes the cities of Carpinteria, Santa Barbara, and Goleta; "North County" includes the cities of Santa Maria, Lompoc, Buellton and Solvang. A map depicting this geographical division is contained in Appendix 1 to the local rules.

Local Rule 203 provides: "When, under California law, 'North County' would be a 'proper county' for venue purposes, all filings for such matters shall be in the appropriate division of the Clerk's office in North County. All other filings shall be made in the Clerk's office in the appropriate division of the Court in South County. The title of the Court required to be placed on the first page of documents pursuant to CRC 2.111 includes the name of the appropriate Court division."

A plaintiff filing a new complaint or petition is required by Local Rule 1310 to complete and file this Civil Case Cover Sheet Addendum to state the basis for filing in North County or South County.

The undersigned represents to the Court:

This action is filed in  ☐ North County  ☒ South County  because venue is proper in this region for the following reason(s):

☐ A defendant resides or has its principal place of business in this region at: _____

_____

☒ The personal injury, damage to property, or breach of contract that is claimed in the complaint occurred in this region at: This is a breach of employment contract case. Plaintiff worked in and around the City of Santa Barbara.

☐ There is a related case filed with the court in this region (e.g., the related personal injury action to a petition to transfer structured settlement payments) [identify case, including case number]: _____

_____

☒ Venue is otherwise proper in this region because [explain]: This is an employment law case. Plaintiff worked in and around the City of Santa Barbara.

[Electronically signed; CRC Rule 2.257]

Dated:  December 11, 2023

/s/ **James H. Cordes**
*Signature of Plaintiff or Plaintiff's Counsel*

**CIVIL CASE COVER SHEET ADDENDUM**

# EXHIBIT F

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**

STREET ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara CA 93101
BRANCH NAME: Anacapa

CAPTION:

**Gary Baker vs Benjamin Nowak et al**

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA
**12/11/2023**
Darrel E. Parker, Executive Officer
BY___Baksh, Narzralli_____
Deputy Clerk

| ORDER AND NOTICE OF CASE ASSIGNMENT;<br>NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>**23CV05455** |
|---|---|

The above case is hereby assigned to Judge **Colleen K Sterne** for ALL purposes, including trial. All future matters, including ex-parte matters, are to be scheduled with the assigned judge. Counsel shall include the name of the assigned judge in the caption of every document filed with the court. The above-entitled case is hereby ordered set for:

Case Management Conference on **04/15/2024** at **8:30 AM** in **SB Dept 5** at the court address above.

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors. A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service. Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions. Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110). In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

Appearance by Zoom video conference is currently optional for Civil Case Management Conferences.
Please refer to the court's website for information about remote proceedings
https://santabarbara.courts.ca.gov/system/files/general/zoom_instructions-cv-fl-pr.pdf.
Use the links provided to access the Remote Hearing Information flyer in English
https://santabarbara.courts.ca.gov/system/files/general/zoom_instructions-cv-fl-pr.pdf, and in Spanish
https://santabarbara.courts.ca.gov/system/files/zoom_instructionssp.pdf. Or visit the to the court's website at
https://santabarbara.courts.ca.gov/ and click on Remote Appearance by Zoom.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated: ___12/11/2023___

*Pauline Maxwell*

Judge of the Superior Court
Pauline Maxwell

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): Santa Barbara, California on: 12/11/23.

James H Cordes
James H Cordes and Associates
831 State St Ste 205
Santa Barbara    CA 93101-

| Darrel E. Parker, Executive Officer | By | ___Narzralli Baksh___ | Deputy Clerk |
|---|---|---|---|

**ORDER & NOTICE OF CASE ASSIGNMENT**
**NOTICE OF CASE MANAGEMENT CONFERENCE**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Gary Baker | Cinamaker, Inc and Benjmin Nowak |

| **(b) County of Residence of First Listed Plaintiff** Santa Barbara | **County of Residence of First Listed Defendant** Cobb County, Ga. |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Jame H. Cordes and Angelica J. Caro; James H. Cordes and Associates<br>831 State Street, Suite 205<br>Santa Barbara, CA 93101<br>(805) 965-6800 | John W. Mills; Jones Walker LLP<br>3455 Peachtree Road NE, Suite 1400<br>Atlanta, GA 30336<br>(404) 870-7517 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multidistrict Litigation - Transfer
- ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☒ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes [ ] No | [x] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes [x] No | | [ ] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes [x] No | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [x] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| [ ] Yes [x] No | [ ] Yes [x] No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [x] Yes | [ ] No |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**    [x] NO    [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**    [x] NO    [ ] YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

[ ] A. Arise from the same or a closely related transaction, happening, or event;

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

[ ] A. Arise from the same or a closely related transaction, happening, or event;

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *[signature]*    DATE: 12 / 19 / 2023

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |