JOHN W. MILLS
(CA State Bar No. 149861)
JONES WALKER, LLP
3455 PEACHTREE ROAD NE,
SUITE 1400
ATLANTA, GA 30326
TELEPHONE: 404-870-7517
FACSIMILE: 404-870-7533

jmills@joneswalker.com

JOSEPH F. LAVIGNE
(admitted *pro hac vice*)
JONES WALKER LLP
201 ST. CHARLES AVE
SUITE 4700
NEW ORLEANS, LA 70170
TELEPHONE: 504-582-8610
FACSIMILE: 504-589-8610

jlavigne@joneswalker.com

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BAKER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>CINAMAKER, INC., a corporation, BENJAMIN NOWAK, an individual, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:23cv10611<br><br>**DEFENDANTS' NOTICE OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER; FRCP 12(b)(2) and 12(b)(3); 28 U.S.C. §§ 1404 and 1406**<br><br>**Date: February 9, 2024**<br>**Time: 1:30 pm**<br>**Ctrm: 6B**<br><br>**Complaint Filed: DECEMBER 11, 2023** |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 9, 2024 at 1:30 pm, or as soon thereafter as the matter may be heard, in the courtroom of the honorable Aenelle-Rocha, Courtroom 6B, at the United States District Court for the Central District of California, Western Division, located at First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012. Pursuant to Federal Rules

of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. §§ 1404 and 1406, Defendants Cinamaker, Inc. and Benjamin Nowak will and hereby do move to dismiss or in the alternative transfer all claims against Cinamaker, Inc. and Benjamin Nowak in the instant action.

The basis for the motion to dismiss is that Plaintiff Gary Baker cannot demonstrate that venue is proper under 28 U.S.C. § 1391(b) and this Court lacks personal jurisdiction over defendants.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and all other documents in the record, any matters to which the Court may take judicial notice, and any arguments that may be presented at any hearing on the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 27, 2023.

DATED: January 11, 2024          **JONES WALKER, LLP**

                                   By:    */s/ John W. Mills*
                                           John W. Mills
                                           jmills@joneswalker.com
                                           Attorney for Defendants CINAMAKER
                                           INC. and BENJAMIN NOWAK

#101930818v1

JOHN W. MILLS
(CA State Bar No. 149861)
JONES WALKER, LLP
3455 PEACHTREE ROAD NE,
SUITE 1400
ATLANTA, GA 30326
TELEPHONE: 404-870-7517
FACSIMILE: 404-870-7533

jmills@joneswalker.com

JOSEPH F. LAVIGNE
(admitted *pro hac vice*)
JONES WALKER LLP
201 ST. CHARLES AVE
SUITE 4700
NEW ORLEANS, LA 70170
TELEPHONE: 504-582-8610
FACSIMILE: 504-589-8610

jlavigne@joneswalker.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY BAKER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>CINAMAKER, INC., a corporation, BENJAMIN NOWAK, an individual, and DOES 1 through 10, inclusive<br><br>Defendants. | **Case No. 2:23cv10611**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER ALL CLAIMS**<br><br>**Date: February 9, 2024**<br>**Time: 1:30 pm**<br>**Ctrm: 6B**<br><br>**Complaint Filed: DECEMBER 11, 2023** |

## <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I. INTRODUCTION ............................................................................................ 1

II. BACKGROUND ............................................................................................ 1

    A. Summary of Allegations ....................................................................... 1

    B. Procedural and Factual Background Relevant to Motion .................... 2

III.   MOTION TO DISMISS OR TRANSFER VENUE TO NORTHERN DISTRICT OF GEORGIA ...................................................................... 2

    A.   The Central District of California Lacks Personal Jurisdiction over Defendant Nowak................................................................................. 4

    B.   Venue is Improper Because Defendants Were First to File................. 7

    C.   The Interests of Justice Strongly Support Transfer to the Northern District of Georgia................................................................................. 9

IV. CONCLUSION ................................................................................... 10

#101930818v1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Kimmel v. Phelan Hallinan & Schmieg, PC,*
  847 F. Supp. 2d 753 (2012) ................................................................. 4

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
  946 F.2d 622 (9th Cir. 1991) ............................................................... 8

*Burger King v. Rudzewicz,*
  471 U.S. 462 (1985) ............................................................................. 5

*Davis v. Metro Prods., Inc.,*
  885 F.2d 515 (9th Cir. 1989) ............................................................... 7

*Doe 1 v. AOL LLC,*
  552 F.3d 1077 (9th Cir. 2009) ............................................................. 2

*Doe v. Epic Games, Inc.,*
  435 F. Supp. 3d 1024 (2020) ............................................................... 3

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
  141 S. Ct. 1017 (2021) ......................................................................... 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 915 (2011) ............................................................................. 5

*Impossible Foods Inc. v. Impossible X LLC*
  (9th Cir. 2023) 80 F.4th 1079 .............................................................. 6

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945) .......................................................................... 4, 5

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*
  (9th Cir. 2015) 787 F.3d 1237 ........................................................... 7, 8

*Piedmont Label Co. v. Sun Garden Packing Co.,*
  587 F.2d 491 (9th Cir. 1979) ............................................................... 3

*ProSource Discs., Inc. v. Dye*
  (C.D. Cal. July 23, 2019, No. 2:19-cv-00489-AB-JC) 2019 U.S. Dist.
  LEXIS 215368 ...................................................................................... 6

*Wolf Designs, Inc. v. DHR Co.*,
    322 F. Supp. 2d 1065 (C.D. Cal. 2004) ................................................................. 7

**Statutes**

28 U.S.C. § 1391(b), (c)(2) ......................................................................................... 3

28 U.S.C. § 1404 ......................................................................................................... 9

28 U.S.C. §§ 1404 and 1406 ....................................................................................... 1

28 U.S.C. § 1404(a) .................................................................................................. 10

Labor Code § 226 (6) .................................................................................................. 1

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(3) ........................................................ 2

*International Shoe*, *supra* at 316 ............................................................................... 5

MOTION TO DISMISS/TRANSFER

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Gary Baker filed the above-captioned action against Cinamaker, Inc. ("Cinamaker") and Benjamin Nowak ("Nowak") (collectively, "Defendants") in Santa Barbara Superior Court alleging breach of contract of an employment agreement, as well as unpaid wages. This action was then removed to the Central District of California based upon diversity jurisdiction. Plaintiff resides in Santa Barbara County, California, however, Defendant Cinamaker is a Georgia Corporation with its principal place of business located in Atlanta, Georgia and Defendant Benjamin Nowak is domiciled in Atlanta, Georgia. Defendants move to dismiss this action for lack of personal jurisdiction, or in the alternative, moves the Court to transfer the action to the Northern District of Georgia as permitted by 28 U.S.C. §§ 1404 and 1406.

## II.   BACKGROUND

### A.   Summary of Allegations

On December 11, 2023, Plaintiff Gary Baker ("Baker" or "Plaintiff") filed his complaint in the Superior Court of the State of California for the County of Santa Barbara. (R. Doc. 1-C) This Complaint alleges causes of action for damages and injunctive relief for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) misclassification as independent contractor, (4) unpaid contract wages, (5) violation of Labor Code § 226, (6) waiting time penalties, (7)

MOTION TO DISMISS/TRANSFER

expense reimbursement, (8) unfair business practices, and (9) defamation. (R. Doc 1-C)

Plaintiff requests for special, general, and compensatory damages, including lost wages and benefits, emotional distress damages, punitive and exemplary damages, attorneys' fees, and other "relief as the Court deems just and proper." (R. Doc. 1-C, pp. 14 &15)

## B.  Procedural and Factual Background Relevant to Motion

Plaintiffs originally filed suit in Santa Barbara Superior Court on December 11, 2023. (R. Doc. 1-C). Defendants filed its Notice of Removal on December 19, 2023 and removed the above-captioned action to the Central District of California. (R. Doc. 1). Plaintiff is a resident of Santa Barbara County, California. (R Doc. 1-C, ¶ 1). Defendant Cinamaker's principal place of business is located in Atlanta, Georgia, and Defendant Benjamin Nowak is domiciled in Georgia. (R. Doc. 1-C ¶¶ 2 and 3) Removal was based upon diversity jurisdiction. (R. Doc. 1 ¶ 5).

## III.  MOTION TO DISMISS OR TRANSFER VENUE TO NORTHERN DISTRICT OF GEORGIA

Defendants request that this Court transfer venue to the Northern District of Georgia. Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a party to challenge a pleading for improper venue. "Pleadings need not be accepted as true, and facts outside the pleadings may be considered" when ruling on a 12(b)(3) motion. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Once venue is challenged,

plaintiff has the burden to prove proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 587 F.2d 491, 496 (9th Cir. 1979); see also *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1039 (2020). A civil action may be brought in (1) a judicial district in which any defendants resides, if all Defendants are residents of the State in which the district is located, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

Here, this case has little connection to the Central District of California. The relevant events occurred in Atlanta, Georgia, which is included in the Northern District of Georgia. Defendant Cinamaker is a Georgia Corporation with its principal place of business located in Atlanta, Georgia. Defendant Benjamin Nowak is domiciled in Atlanta, Georgia.

Plaintiff contracted with Cinamaker, which he knew to be a Georgia company, and traveled to Georgia on multiple occasions to perform work for Cinamaker. Plaintiff also attended several meetings in Georgia in order to meet contractors and investors. Because of Plaintiff's business-related actions in Georgia for Cinamaker, the Northern District of Georgia has personal jurisdiction over Plaintiff.

28 U.S.C. § 1391(c)(2) provides that for venue purposes, a corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Thus, "to determine if venue is proper in this Court, one must analyze whether, treating the [judicial district in which the case was filed] as though it were its own state, the

#101930818v1

[judicial district] could exercise personal jurisdiction over [the defendant*]." Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 761 (2012). Plaintiff bears the burden of demonstrating that if the Central District of California were its own state, jurisdiction and venue would be proper there. However, none of the relevant events occurred in the Central District of California, and virtually all of the material events occurred in Atlanta, Georgia. Furthermore, this Court does not have personal jurisdiction over Mr. Nowak.

## A. The Central District of California Lacks Personal Jurisdiction over Defendant Nowak

As for personal jurisdiction, a defendant must have sufficient "minimum contacts" with the forum state so that exercising jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

Beginning with *International Shoe v. Washington*, 326 U.S. 310 (1945), the Supreme Court has consistently held that a court may not constitutionally exercise personal jurisdiction over a nonresident defendant unless it is shown that the defendant has "certain minimum contacts with the forum state such that maintenance of the suit there does not offend the 'traditional notions of fair play and substantial justice'." *International Shoe*, *supra* at 316, quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). Consequently, a Court must undertake a two-prong analysis in considering personal jurisdiction over a nonresident defendant, like the Defendants in this case. First, the Court must determine whether the defendant has purposefully established minimum contacts with the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985). If the Court concludes that such purposeful minimum contacts exist, then the court must next decide if the contacts are such that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice'." *Id*.

## I. The Court Lacks General Jurisdiction Over Nowak

A court may assert general personal jurisdiction over defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) 564 U.S. 915, 919 (quoting *Int'l Shoe Co. v. Wash.* (1945) 326 U.S. 310, 316). Mr. Nowak does not have the "continuous and systematic" contacts with California that are necessary to confer general jurisdiction upon this Court. Mr. Nowak cannot be deemed to be "at home" in the state of California since his domicile

and residency are in Georgia. (R. Doc. 1-C ¶ 3). As such, this Court does not have general personal jurisdiction over Nowak.

## II. The Court Lacks Specific Jurisdiction Over Defendant Nowak

The Ninth Circuit has three requirements for establishing specific jurisdiction over a non-resident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Impossible Foods Inc. v. Impossible X LLC* (9th Cir. 2023) 80 F.4th 1079, 1086.

This Court need not get to the second and third prongs because Plaintiff cannot carry their burden of prevailing on the first: Nowak did not direct his activities toward the forum state or purposely avail himself of the privilege of conducting activities in California. The fact that Nowak is an employee and shareholder of a corporation that contracted with a California resident is not sufficient to create specific jurisdiction. The fiduciary shield doctrine "buffers corporate officers from personal jurisdiction when their official duties were their only contact with a forum state." *ProSource Discs., Inc. v. Dye* (C.D. Cal. July 23, 2019, No. 2:19-cv-00489-AB-JC) 2019 U.S. Dist. LEXIS 215368, at *8. Thus, "[u]nder the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not

sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc*., 885 F.2d 515, 520 (9th Cir. 1989).

Employees of a company may only be individually liable when: (1) the corporation is the agent or alter ego of the individual defendant; or (2) the individual controlled or directly participated in the alleged activities. *Wolf Designs, Inc. v. DHR Co*., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004). "[M]ere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other unreasonable participation in the unlawful conduct by the individual." *Id*.

The alleged breach of contract occurred between Cinamaker, Inc. and Gary Baker. While Mr. Nowak is an employee and shareholder of Cinamaker, that status in and of itself does not confer liability upon him for Cinamaker's alleged actions regarding the breach of contract. Accordingly, defendants request that this Court dismiss this case for improper venue and personal jurisdiction, or alternatively, transfer the case to the Northern District of Georgia, where the relevant events occurred.

**B.     Venue is Improper Because Defendants Were First to File**

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court". *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc*. (9th Cir. 2015) 787 F.3d 1237, 1239. The first-to-file rule "serve[s] the purpose of promoting efficiency well

and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Courts consider economy, consistency, and comity when applying the first-to-file rule. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.* (9th Cir. 2015) 787 F.3d 1237, 1240 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). The first-to-file rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade*, 946 F.2d at 625. Thus, courts analyze chronology of the lawsuits, similarity of the parties, and similarity of the issues. See *id*.

On December 4, 2023, Defendant Cinamaker, Inc. filed a complaint for declaratory action against Gary Baker. (See Exhibit A -- "First Filed Action"). The First Filed Action was a Complaint for Theft and Declaratory Judgment against Defendant Gary Baker, seeking a judgment from the Northern District of Georgia holding that Mr. Baker must return Cinamaker's equipment or pay the fair market value for its equipment, and declare that Mr. Baker is not entitled to cash compensation as his deferred compensation.

Mr. Baker resigned from Cinamaker in August of 2023 and demanded several hundred thousand dollars for his deferred compensation. (Exhibit A ¶ 19). Cinamaker responded that Mr. Baker was not entitled to cash compensation under the parties' agreement and also sought the return of Cinamaker's equipment that Mr. Baker still possessed. (Exhibit A ¶ 20). Cinamaker followed up several times regarding the return of the equipment. As of the date of the First Filed Action Mr. Baker had not

returned any equipment. After receipt of the First Filed Action, Mr. Baker returned some of Cinamaker's equipment, however, he still has yet to return several of Cinamaker's pieces of equipment. (Exhibit A ¶ 21). Mr. Baker also had access to proprietary and confidential company information on the MacBook Pro computer that he possessed. (Exhibit A ¶ 22). This proprietary and confidential information includes business plans, financial plans, historical corporate records, cap tables, and product roadmaps, which are outlines of plans the company intends to implement over the next 18 months. (Exhibit A ¶ 23). Cinamaker is in the process of conducting a forensic analysis of the returned equipment to determine if any misappropriation has occurred.

The first-to-file rule applies because the First Filed Action and this action both deal with the employment agreement entered into by Mr. Baker and Cinamaker. Furthermore, the Northern District of Georgia is able to exercise personal jurisdiction over Mr. Baker due to Mr. Baker's tortious conduct in Georgia, as well as performing business-related actions in Georgia. For these reasons, venue is improper in the Central District of California.

## C.     The Interests of Justice Strongly Support Transfer to the Northern District of Georgia

Even if venue is proper in the Central District of California, this case should be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may

MOTION TO DISMISS/TRANSFER

#101930818v1

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A substantial amount of events giving rise to Plaintiff's claims occurred in Atlanta, Georgia, as Defendants are domiciled in and have principal place of business in Atlanta, Georgia. Furthermore, Plaintiff's alleged claims arise out of actions that occurred in Atlanta, Georgia, such as business meetings and performing work for Cinamaker. (Exhibit A ¶ 7). Given the events that occurred in Georgia, as well as the fact that both Defendants are located in Georgia, the Northern District of Georgia has a sufficient interest in having jurisdiction over this action.

## IV. CONCLUSION

Based on the foregoing, Defendants Cinamaker, Inc. and Benjamin Nowak respectfully requests that the Court grant its motion to dismiss and/or transfer venue to the Northern District of Georgia.

DATED: January 11, 2024            **JONES WALKER, LLP**

By:    _/s/ John W. Mills_____
John W. Mills
jmills@joneswalker.com
Attorney for Defendants CINAMAKER
INC. and BENJAMIN NOWAK

#101930818v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CINAMAKER, INC.,

Plaintiff,

v.

GARY BAKER,

Defendant.

Civil Action No.

## PLAINTIFF'S COMPLAINT FOR THEFT AND DECLARATORY JUDGMENT

Plaintiff Cinamaker, Inc. respectfully files this Complaint for Theft and Declaratory Judgment against Defendant Gary Baker, seeking a judgment from the Court holding that Mr. Baker must return Cinamaker's equipment or pay the fair market value for its equipment, and declare that Mr. Baker is not entitled to cash compensation as his deferred compensation.

## PARTIES AND VENUE

1.     Plaintiff Cinamaker, Inc. ("Cinamaker") is a corporation incorporated in the State of Georgia, with its principal place of business located in Atlanta, Georgia and thus is a citizen of, and domiciled in, the State of Georgia.

2.     Defendant Gary Baker is an individual resident of the State of California, who is domiciled in the city and county of Santa Barbara, California.

1

Exhibit A - First Filed Action

3.     The court may exercise personal jurisdiction over Defendant, as Defendant has made several contacts with and has transacted business in the State of Georgia.

4.     When analyzing personal jurisdiction, a court must "determine the law that governs its state-centered personal jurisdiction analyses. "Even in cases arising under federal law, '[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.'" *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.,* No. 2:21-CV-8, 2023 U.S. Dist. LEXIS 50665, at *13 (S.D. Ga. Mar. 24, 2023).

5.     Under Georgia's long-arm statute, a court may exercise personal jurisdiction if any person "(1) transacts any business within this state; (2) commits a tortious act or omission within this state." O.C.G.A. § 9-10-91.

6.     "A defendant has minimum contacts for the purposes of specific jurisdiction if [f]irst, the contacts [are] related to the plaintiff's cause of action or have given rise to it. Second, the contacts . . . involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum [are] such that the defendant should reasonably anticipate being haled into court there." *Jekyll Island-State Park Auth.,* 2023 U.S. Dist. LEXIS 50665 at *13.

2

7.     Mr. Baker contracted with Cinamaker which he knew to be a Georgia company, he traveled to Georgia on multiple occasions to perform work for Cinamaker. Mr. Baker also attended several meetings in Georgia in order to meet with contractors and investors. Additionally, the equipment that Mr. Baker still possesses was also taken from Georgia.

8.     Because of Mr. Baker's tortious conduct in Georgia by retaining Cinamaker's equipment, as well as performing business-related actions in Georgia for Cinamaker, this Court has personal jurisdiction over Mr. Baker.

9.     The court has subject matter jurisdiction over this claim because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

10.     The amount in controversy in this matter far exceeds $75,000.

11.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred at Cinamaker's principal place of business, which is located in Atlanta, Georgia.

## **FACTUAL BACKGROUND**

12.     Gary Baker contracted with Cinamaker in September of 2017 as senior vice president of corporate development.

13.     At the commencement of his relationship with Cinamaker, Cinamaker sent Mr. Baker an Offer Letter.

3

14.     The Offer Letter states Mr. Baker's Total Compensation will be as follows:

> While disbursement will be partially remitted as net cash compensation every two weeks, the balance will accrue as either stock warrants, options, or another instrument (TBD.)

15.     Six months after he began performing services for Cinamaker, Mr. Baker sent Benjamin Nowak, Cinamaker CEO, an "Offer Memorandum" which provided the option to pay cash as the deferred compensation assuming there was mutual agreement of the parties "at a later date."

16.     The Offer Memorandum states:

> While disbursement will be partially remitted as net cash compensation every two weeks, the balance will accrue as either stock warrants, options, cash, or another instrument to be mutually agreed upon at a later time by Cinamaker and Gary Baker. Records of accrued value will be maintained by Cinamaker and reported to Gary Baker on a monthly basis.

17.     However, there was *never* any mutual agreement between the parties to pay cash for the deferred compensation.

18.     In fact, Cinamaker tracked Mr. Baker's deferred compensation in stock and Mr. Baker was aware of this fact throughout his entire relationship with Cinamaker.

19.     Mr. Baker resigned from Cinamaker in August of 2023 and demanded several hundred thousand dollars for his deferred compensation.

4

20.    On November 10th, 2023, Cinamaker reached out to Mr. Baker regarding Cinamaker's equipment that Mr. Baker still possessed.

21.    As of the date of this suit, Mr. Baker currently has: (1) 1 MacBook Pro 16" (2022 model); (2) 2 iPhone 12's; (3) 4 iPhone SE's; (4) 4 Canon Camcorders; (5) 6 HDMI encoders; (6) 1 Network router; (7) 1 Network Poe switch; (8) approximately 25 Lightning to Ethernet adapters; and (9) 4 professional LED lighting fixtures.

22.    Mr. Baker also possesses proprietary and confidential company information on the MacBook Pro computer that he still possesses.

23.    This proprietary and confidential information includes business plans, financial plans, historical corporate records, cap tables, and product roadmaps, which are outlines of plans the company intends to implement over the next 18 months.

24.    On November 16th, Mr. Baker requested pre-paid shipping labels in order to return the equipment.

25.    On November 20th, Cinamaker provided pre-paid shipping labels and asked that the equipment be shipped that day.

26.    On November 28th and November 30th, Cinamaker followed up with Mr. Baker regarding the status of returning Cinamaker's property.

5

27.    To date, Mr. Baker has failed to return the equipment or even respond to Cinamaker's request regarding the status of returning the equipment.

## Count 1: Theft

28.    Cinamaker repeats and realleges each of the proceeding allegations as if set forth fully here.

29.    Under Ga. Code Ann. § 16-8-2, "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, **unlawfully appropriates any property** of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." (emphasis added)

30.    Following his departure, Mr. Baker was asked to return Cinamaker's equipment and was even provided with pre-paid shipping labels to do so.

31.    However, despite Cinamaker's multiple request to return its equipment, Mr. Baker has yet to return Cinamaker's equipment.

32.    Because Mr. Baker has failed to return Cinamaker's equipment, which contains confidential information, Cinamaker is entitled to the recovery of its equipment, and punitive damages for this intentional tort.

## Count 2: Conversion

33.    Cinamaker repeats and re-alleges each of the proceeding allegations as if set forth fully here.

34.     Cinamaker has demanded return of its property set forth in Paragraphs 21 and 22 above and Mr. Baker has failed or refused to return Cinamker's property.

35.     Mr. Baker's failure or refusal to return Cinamaker's property constitutes conversion of Cinamaker's property.

36.     Cinamaker is entitled to replevin of its property or, in the alternative, a judgment in the amount of the value of that property, and punitive damages for this intentional tort.

## Count 3: Declaratory Judgment

37.     Cinamaker repeats and re-alleges each of the proceeding allegations as if set forth fully here.

38.     The purpose of a declaratory judgment is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and this chapter is to be liberally construed and administered." O.C.G.A. § 9-4-1.

39.     Furthermore, "[t]he object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Walker v. Owens*, 298 Ga. 516, 518, 783 S.E.2d 114, 116 (2016).

40.     The Agreement executed between Mr. Baker and Cinamaker states that the parties will mutually agree at a later time as to what Mr. Baker's deferred compensation will be.

7

41.     Mr. Baker alleges that he is entitled to cash compensation, however, Cinamaker has **not** agreed to cash compensation for Mr. Baker's deferred compensation.

42.     Cinamaker has at all times been ready and willing to issue Mr. Baker his deferred compensation in stock – as consistently shown in the Company Capitalization Table.

43.     Mr. Baker has refused to accept the stock and maintains he is entitled to cash payment, thus there exists a real case and controversy that may be resolved by a judgment from this Court.

44.     In light of the Agreement and Mr. Baker and Cinamaker's inability to come to an agreement on the deferred compensation, Mr. Baker is **not** entitled to cash compensation under the Agreement because both Cinamaker and Mr. Baker have not agreed to providing cash compensation for his deferred compensation.

### Count 4: Expenses of This Litigation Pursuant to O.C.G.A. § 13-6-11

45.     Cinamaker repeats and re-alleges each of the proceeding allegations as if set forth fully here.

46.     Mr. Baker has acted in bad faith, has been stubbornly litigious, and/or caused Cinamaker unnecessary trouble and expense.

47.     Cinamaker is thus entitled to its expenses of litigation, including its attorneys' fees.

8

## **CONCLUSION**

Plaintiff Cinamaker, Inc. respectfully requests this Court enter judgment in its favor and against Defendant Gary Baker, declaring the return of Cinamaker's equipment, as well as declaring that Mr. Baker is not entitled to cash compensation for his deferred compensation, and granting any and all legal and equitable relief to which Cinamaker is entitled whether specifically prayed for herein or not.

Respectfully submitted, December 4, 2023.

*/s/ David J. Forestner*

DAVID J. FORESTNER
Georgia Bar No. 269177
Jones Walker LLP
3455 Peachtree Road, NE, Suite 1400
Atlanta, Georgia 30326
(404) 870-7527

## **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1D**

I hereby certify that the foregoing pleading was prepared with the Times New Roman font in 14-point type that conforms with Northern District of Georgia Local Rule 5.1C.

*/s/ David J. Forestner*

DAVID J. FORESTNER
Georgia Bar No. 269177

9

TWT 790 28:1332jd

JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Cinamaker, Inc.

## DEFENDANT(S)

Gary Baker

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF _____Fulton_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT _____Santa Barabra_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

David Forestner; Jones Walker
3455 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
404-870-7527
dforestner@joneswalker.com

ATTORNEYS (IF KNOWN)

James H. Cordes; James H. Cordes and Associates
831 State Street, Suite 205
Santa Barbara, CA 93101
805-965-6800
jim@jamescordes.com

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF

☐ 2 U.S. GOVERNMENT DEFENDANT

☐ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)

☒ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☐ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☒ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☒ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☐ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

☒ 1 ORIGINAL PROCEEDING

☐ 2 REMOVED FROM STATE COURT

☐ 3 REMANDED FROM APPELLATE COURT

☐ 4 REINSTATED OR REOPENED

☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)

☐ 6 MULTIDISTRICT LITIGATION - TRANSFER

☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1332
Employment Agreement dispute; Theft

**(IF COMPLEX, CHECK REASON BELOW)**

☐ 1. Unusually large number of parties.

☐ 2. Unusually large number of claims or defenses.

☐ 3. Factual issues are exceptionally complex

☐ 4. Greater than normal volume of evidence.

☐ 5. Extended discovery period is needed.

☐ 6. Problems locating or preserving evidence

☐ 7. Pending parallel investigations or actions by government.

☐ 8. Multiple use of experts.

☐ 9. Need for discovery outside United States boundaries.

☐ 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT $ _____    APPLYING IFP _____    MAG. JUDGE (IFP) _____

JUDGE _____    MAG. JUDGE _____    NATURE OF SUIT _____    CAUSE OF ACTION _____
                        _(Referral)_

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☑ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☑ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK
- ☐ 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT
- ☐ 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam 31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 485 TELEPHONE CONSUMER PROTECTION ACT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT 899
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

☐ **CHECK IF CLASS ACTION UNDER F.R.Cv.P. 23**    DEMAND $ _____

JURY DEMAND ☐ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE _____ DOCKET NO. _____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____ , WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____     12/4/2023

SIGNATURE OF ATTORNEY OF RECORD          DATE

JOHN W. MILLS
(CA State Bar No. 149861)
JONES WALKER, LLP
3455 PEACHTREE ROAD NE,
SUITE 1400
ATLANTA, GA 30326
TELEPHONE: 404-870-7517
FACSIMILE: 404-870-7533
jmills@joneswalker.com
ATTORNEY FOR DEFENDANTS

JOSEPH F. LAVIGNE
(admitted *pro hac vice*)
JONES WALKER LLP
201 ST. CHARLES AVE
SUITE 4700
NEW ORLEANS, LA 70170
TELEPHONE: 504-582-8610
FACSIMILE: 504-589-8610
jlavigne@joneswalker.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BAKER, AN INDIVIDUAL<br><br>PLAINTIFFS,<br><br>VS.<br><br>CINAMAKER, INC., A CORPORATION, BENJAMIN NOWAK, AN INDIVIDUAL, AND<br><br>DOES 1 THROUGH 10, INCLUSIVE<br><br>                    Defendants. | Case No. 2:23-cv-10611-FLA-AGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER [DKT #12]**<br><br>**Date: February 9, 2024**<br><br>**Time: 1:30 pm**<br><br>**Ctrm: 6B**<br><br><br>**Complaint Filed: DECEMBER 11, 2023** |

On January 11, 2024, Defendants Cinamaker, Inc. and Benjamin Nowak filed its Motion to Dismiss, or in the alternative, Transfer Venue. The basis for the motion to dismiss is that Plaintiff Gary Baker cannot demonstrate that venue is proper under 28 U.S.C. § 1391(b) and this Court lacks personal jurisdiction over defendants.

1

The court, having considered Defendants' Motion to Dismiss, or in the alternative, Transfer, opposing papers, arguments, and all other matters presented to the Court, and finding good cause therefor, hereby GRANTS Defendants' Motion to Dismiss and ORDERS as follows:

      1.    Plaintiff failed to prove that this Court has personal jurisdiction over Defendant Benjamin Nowak; and

      2.    This Court is an improper venue for the above captioned action.

IT IS SO ORDERED.

Dated: January 11, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

2