IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CINAMAKER, INC.,<br><br>PLAINTIFF,<br><br>VERSUS<br><br>GARY BAKER,<br><br>DEFENDANT | CASE NO. 1:23-CV-05542-TWT |

**RESPONSE IN OPPOSITION TO DEFENDANT GARY BAKER'S MOTION TO DISMISS**

Plaintiff Cinamaker, Inc., ("Cinamaker"), respectfully files this *Response in Opposition* to the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (R. Doc. 12, the "Motion to Dismiss") filed by Defendant Gary Baker ("Baker").

**SUMMARY OF THE ARGUMENT**

Cinamaker filed its complaint in this Court on the grounds of theft and seeking a declaratory judgment that Mr. Baker is not entitled to a cash payment as deferred compensation. (R. Doc. 1). Mr. Baker seeks to dismiss Count 3 of the Complaint concerning the Declaratory Judgment of his deferred compensation, and in the alternative, seeks to transfer this case to the Central District of California.

The declaratory judgment Cinamaker seeks should not be resolved by a breach of contract claim. The controversy that exists between the parties concerning Mr. Baker's deferred compensation can be resolved by this Court through a declaratory judgment by looking at the Offer Memorandum itself. (R. Doc. 13, Exhibit A). Additionally, Cinamaker was the first to file suit and the relevant events of this action occurred in Atlanta, Georgia. As such, Mr. Baker's Motion to Dismiss should be denied and the parties should litigate these issues in Georgia.

## FACTUAL AND PROCEDURAL HISTORY

1. On December 4, 2023, Cinamaker filed its Complaint for Theft and Declaratory Judgment that Mr. Baker is not entitled to cash compensation as his deferred compensation. *See* R. Doc. 1.

2. On December 8, 2023, Mr. Baker filed a complaint in the Santa Barbara County Superior Court in California against Cinamaker and Benjamin Nowak, asserting nine causes of action. These claims included breach of contract, unpaid wages, and defamation.

3. On December 19, 2023, Cinamaker removed the complaint filed in Santa Barabara to the Central District of California.

4. On January 11, 2024, Cinamaker filed a motion to dismiss, or in the alternative, to transfer the case from the Central District of California to

the Northern District of Georgia. The basis for transferring this suit centered on the similarities between the California and Georgia action and the fact that both suits arose out of the Offer Memorandum.

5. Thereafter, Mr. Baker opposed the motion, to which Cinamaker responded, and the Central District of California has had the motion under submission since February 5, 2024.[1]

## LAW AND ARGUMENT

### I.  Rule 12(b)(6) Legal Standard

"When considering a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the complaint, drawing all reasonable inferences in the light most favorable to the plaintiff." *Staley*, 2021 U.S. Dist. LEXIS 120416, at *10-11 (relying on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *U.S. v. Stricker*, 524 F. App'x 500, 505 (11th Cir. 2013) (per curiam)). The complaint must offer more than labels and conclusions. *Id*. (relying on *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted).

---

[1] See R. Doc. 13 for Removal Action and Motion to Dismiss. Cinamaker incorporates all arguments from the Removal and Motion to Dismiss filed in the Central District of California into this instant action. See also Exhibit A – Reply Brief in Support of the Motion to Dismiss.

"Put another way, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## II. There is a Justiciable Controversy in the Declaratory Judgment Action

The purpose of a declaratory judgment is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and this chapter is to be liberally construed and administered." O.C.G.A. § 9-4-1. Furthermore, "[t]he object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." Walker v. Owens, 298 Ga. 516, 518, 783 S.E.2d 114, 116 (2016).

The Eleventh Circuit has outlined nine guideposts to determine whether a district court should abstain from issuing a declaratory judgment. *In re Owners Ins. Co*., No. 1:22-CV-04225-SCJ, 2023 U.S. Dist. LEXIS 236014, at *8 (N.D. Ga. Sep. 7, 2023) The guideposts include: (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5)

whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. *Id.*

The issues Mr. Baker focuses on in his Motion to Dismiss center on the second and third guideposts: whether the judgment in the federal declaratory action would settle the controversy and whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue. *Id.* Mr. Baker argues that there is no "continuing controversy" because "the harm has been done." (R. Doc. 12). In the Offer Memorandum executed between Mr. Baker and Cinamaker, it states that the parties will mutually agree at a later time on method of Mr. Baker's deferred compensation, i.e. stock, cash, etc. This is not a matter of asking this Court to declare whether there are damages, but instead asking the Court to recognize what the agreement clearly states: the parties will agree at a later date on the method of

deferred compensation.

Further, Mr. Baker purports that this issue is a breach of contract claim that Cinamaker is seeking a declaration on. This, however, is not true. Cinamaker is simply asking the Court to declare that cash compensation as the form of deferred compensation is not mandated or required based on the language of the agreement. Cinamaker is not focusing on whether deferred compensation is owed, but instead whether cash is the avenue by which the deferred compensation must be paid. This issue can easily be resolved by the Court, and the declaratory judgment "would settle the controversy." *Id.* Mr. Baker's argument that the "harm has been done" is inaccurate because he is not being denied the deferred compensation; once the controversy is resolved concerning the type of compensation Mr. Baker is owed, he will receive it.

### III. Cinamaker's Claim for Declaratory Judgement is Proper

Additionally, Mr. Baker argues that Cinamaker is not seeking guidance for future actions but instead a declaration for its past conduct, which would be asking the Court to issue an "advisory" opinion. Mr. Baker alleges that he is entitled to cash compensation as his method of deferred compensation. Both of these sentiments, however, are incorrect. Cinamaker's declaratory action *is* seeking guidance for a future action because Cinamaker is asking the Court to declare that Mr. Baker is not

entitled to cash compensation as his form of deferred compensation based on the language of the Offer Memorandum. As stated previously, Cinamaker is seeking this declaration because the offer clearly states that the parties will mutually agree at a later time as to the form of Mr. Baker's deferred compensation. The issue is not whether deferred compensation is owed but whether cash must be used as the form of deferred compensation. Therefore, Cinamaker is not seeking an advisory opinion because Cinamaker is not seeking a declaration as to whether it owes damages as alleged by Mr. Baker. Mr. Baker focuses on damages and concludes that the current matter can be resolved by a breach of contract claim rather than a simple reading and recognition of the Offer Memorandum.

Further, Mr. Baker incorrectly summarizes Cinamaker's purpose for the declaratory judgment by insisting that this issue can be resolved by a breach of contract claim. There is no breach of contract claim concerning Mr. Baker's deferred compensation because Cinamaker is not refusing to give Mr. Baker deferred compensation. As stated in the Complaint "Cinamaker at all times has been ready and willing to issue Mr. Baker his deferred compensation in stock . . . Mr. Baker has refused to accept the stock and maintains he is entitled to cash payment." (R. Doc. 1). A true controversy exists and continues to exist due to Cinamaker and Mr. Baker's disagreement concerning the language of the offer and whether cash is

mandated as the form of deferred compensation. For these reasons, Mr. Baker's Motion to Dismiss Count 3 of Cinamaker's complaint should be denied.

## IV. The Northern District of Georgia is the Proper Forum for this Controversy

Finally, Mr. Baker claims that the current case should be transferred to the Central District of California if the motion to dismiss were denied. Mr. Baker purports that a California District Court is a more advantageous forum for resolution of claims brought under California statutes. (R. Doc. 12). Georgia, however, is the proper forum for this dispute for several reasons: (1) Mr. Baker contracted with Cinamaker, which he knew to be a Georgia company and he is a shareholder in the company; (2) Mr. Baker traveled to Georgia on multiple occasions to perform work for Cinamaker; and (3) Mr. Baker also attended several meetings in Georgia in order to meet with contractors and investors. (R. Doc. 13, Exhibit C).

When considering a request to transfer pursuant to § 1404(a), the court must engage in a two-step inquiry. First, the court must determine whether the action could originally have been brought in the proposed transferee district court. *Merswin v. Williams Cos. Inc.*, No. 1:08-CV-2177T, 2009 U.S. Dist. LEXIS 7928, 2009 WL 249340, at *5 (N.D. Ga. Jan. 30, 2009). Second, the court must determine whether the action should be transferred "for the convenience of [the] parties and witnesses,

[and] in the interest of justice." 28 U.S.C. § 1404(a). There are several factors to consider for the second step, including: (1) the plaintiff's chosen forum; (2) the accessibility of witnesses and other sources of proof; (3) the cost of making the necessary proof; (4) the questions as to the enforceability of a judgment if one is obtained; (5) the relative advantages and obstacles to a fair trial; (6) the difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law, and (9) the practical considerations that may make a trial easy, expeditious, and economical. *Gilbert-Daniels v. Lions Gate Ent. Corp.,* No. 1:22-CV-140-MHC, 2023 U.S. Dist. LEXIS 90524, at *3-4 (N.D. Ga. Mar. 20, 2023).

Mr. Baker proposes that factors (2) through (7) are equal because Mr. Baker worked in the Central District of California. This position is incorrect for several reasons.

First, a substantial amount of events giving rise to Mr. Baker's claims occurred in Atlanta, Georgia, and the business with which Mr. Baker is alleging wrongful conduct (and of which he is a stockholder) has its principal place of business located in Atlanta, Georgia. Therefore, the relevant Cinamaker witnesses and documents are all located within this District. Also, a review of the docket data shows that the Central District of California has more than two times the number of

pending cases than the Northern District of Georgia. *See* Exhibit B, Docket Data. Therefore, factors 2-7 favor a denial of the Motion to Transfer.

As for the first factor, a plaintiff's choice of forum is given great deference. *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, No. 1:03-CV-3810-RWS, 2005 U.S. Dist. LEXIS 28802, at *5 (N.D. Ga. Sep. 10, 2005). As mentioned before, Cinamaker's principal place of business is located in Atlanta Georgia, which disfavors transferring this action since the Court "must afford plaintiff's forum a substantial degree of deference, particularly when plaintiff has filed suit in [its] home state." *Phillips v. FedEx Ground Package Sys.*, No. 1:19-CV-1386-LMM, 2019 U.S. Dist. LEXIS 230666, at *14 (N.D. Ga. June 24, 2019). More importantly, if "the transfer would merely shift inconvenience from one party to the other, or if the balance of factor[s] is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied." *Sarvint Techs., Inc. v. Omsignal, Inc.*, 161 F. Supp. 3d 1250,1266 (N.D. Ga. 2015). Cinamaker's choice of forum should not be disturbed "unless it is clearly outweighed by other considerations." *Nederland B.V. v. Tec Holdings, Inc.*, No. 1:17-CV-02864-LMM, 2018 U.S. Dist. LEXIS 239869, at *6 (N.D. Ga. Jan. 2, 2018). The arguments Mr. Baker set forth are insufficient to outweigh Cinamaker's choice of forum and are thus insufficient to warrant a transfer.

Mr. Baker further argues that a California district court is the proper forum for litigating because Mr. Baker's claims concern California's Labor Code. The Offer memorandum does not have a choice of law or choice of venue provision and Cinamaker takes the position that Georgia law applies. Regardless, even if California law applied, it would not limit or prohibit this Court from being able to decide the merits of this case. If all cases were transferred simply because the suit concerned a different forum's law, the efficiency of the legal system would be in jeopardy. California's labor code is not so incomprehensible that courts outside of California are unable to analyze and apply the law. For these reasons, Mr. Baker's inflated concerns about this Court being able to handle his breach of contract and unpaid wages claims are unwarranted.

Furthermore, Cinamaker was the first to file its complaint in the Northern District of Georgia. (R. Doc. 1). Mr. Baker chose to file his complaint in California despite the similarities between the actions *after* Cinamaker had filed suit. Cinamaker filed its complaint in this Court because there exists a genuine dispute as to whether Mr. Baker is entitled to cash or stock under the terms of the Offer Memorandum. As stated in the complaint, Cinamaker's position is that the deferred compensation accrued as stock; however, Mr. Baker purports that he is entitled to cash. (R. Doc. 1). Cinamaker does not dispute the similarities between the suits filed

in Georgia and California, which is why Cinamaker sought to transfer the suit in California to this Court. Mr. Baker glosses over the fact that Cinamaker filed its action first for theft and for a declaratory judgment. The first-to-file rule only requires substantially similar or overlapping issues—not issues that are nearly identical. *Sexton v. Forefront Dermatology, P.C.,* No. 1:23-cv-05833-ELR-RDC, 2024 U.S. Dist. LEXIS 62219, at *7 (N.D. Ga. Apr. 4, 2024). Both Cinamaker and Mr. Baker's claims arise out of the Offer Memorandum. As such, this case should not be transferred to the Central District of California.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or in the alternative transfer, should be denied.

        Respectfully submitted,

*/s/   David J. Forestner*
DAVID J. FORESTNER
Georgia Bar No. 269177
JONES WALKER LLP
3455 Peachtree Road, NE, Suite 1400
Atlanta, Georgia 30326
(404) 870-7527

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing has been prepared with Times New Roman 14-Point Font, as approved in L.R. 5.1C.

*/s/   David J. Forestner*
DAVID J. FORESTNER

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been electronically filed using the Court's CM/ECF system which will serve a true and correct copy of same upon all counsel of record.

*/s/   David J. Forestner*
DAVID J. FORESTNER