JOHN W. MILLS
(CA State Bar No. 149861)
JONES WALKER, LLP
3455 PEACHTREE ROAD NE,
SUITE 1400
ATLANTA, GA 30326
TELEPHONE: 404-870-7517
FACSIMILE: 404-870-7533

jmills@joneswalker.com

JOSEPH F. LAVIGNE
(admitted *pro hac vice*)
JONES WALKER LLP
201 ST. CHARLES AVE
SUITE 4700
NEW ORLEANS, LA 70170
TELEPHONE: 504-582-8610
FACSIMILE: 504-589-8610

jlavigne@joneswalker.com

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GARY BAKER, an individual

        Plaintiffs,

    vs.

CINAMAKER, INC., a corporation, BENJAMIN NOWAK, an individual, and DOES 1 through 10, inclusive

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:23cv10611**

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER VENUE**

**Date: February 9, 2024**
**Time: 1:30 PM**
**Ctrm: 6B**

**EXHIBIT**

**A**

**Table of Contents**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................2

I.      INTRODUCTION ..........................................................................................2

II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER NOWAK .......3

III.    THE FIRST TO FILE RULE DOES APPLY....................................................5

IV.    CONCLUSION...............................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Prods.*,
     946 F.2d 622 (9th Cir. 1991) .........................................................................4

*Royal Holdings Techs. Corp. v. IP Video Mkt. Info, Inc.*
     (9th Cir. Nov. 9, 2022, No. 21-55048) 2022 U.S. App. LEXIS 31022 .....................3

*Schwarzenegger v. Fred Martin Motor Co.*,
     374 F.3d 797 (9th Cir. 2004) .................................................................1, 2

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER

#102031973v1

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

GARY BAKER, an individual

         Plaintiffs,

    vs.

CINAMAKER, INC., a corporation,
BENJAMIN NOWAK, an individual, and
DOES 1 through 10, inclusive

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 2:23cv10611**

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITIONT TO MOTION TO DISMISS/TRANSFER VENUE**

**Date: February 9, 2024**
**Time: 1:30 pm**
**Ctrm: 6B**

**Complaint Filed: DECEMBER 11, 2023**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

This Court should dismiss this action, or in the alternative, transfer venue because (1) the Northern District of Georgia is a more appropriate venue; (2) this Court lacks personal jurisdiction over Defendant Nowak; and (3) the first-to-file rule requires this action to be transferred to the Northern District of Georgia. All of Plaintiff's claims arise out of conduct that occurred in Georgia, i.e., the Offer Memorandum and alleged defamatory conduct. Furthermore, this Court does not have personal jurisdiction over Defendant Nowak, as Plaintiff fails to carry its burden of proof to establish that personal jurisdiction exists. More importantly, Defendant Cinamaker was the first to file suit arising out of the Offer Memorandum due to the dispute over Plaintiff's deferred compensation and Plaintiff's failure to return

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER

#102031973v1

Cinamaker's equipment after several demands. For these reasons, this action should be dismissed, or in the alternative, transferred to the Northern District of Georgia.

## II. This Court Does Not have Personal Jurisdiction Over Nowak

Plaintiff bears the burden to demonstrate that personal jurisdiction is appropriate over a defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff must show (1) that the non-resident defendant performed an act by which he purposefully availed himself of the privilege of conducting activities in the forum and (2) plaintiff's claim must arise out of or relate to the defendant's forum-related activities. *Id.* at 802. It is only after Plaintiff carries its burden that the burden then shifts to Defendant to prove that the exercise of jurisdiction does not comport with fair play and substantial justice. *Id.* Defendants need not prove its burden, however, because Plaintiff fails to show that this court has jurisdiction over Defendant Nowak.

Plaintiff provides zero facts, or even allegations, related to Nowak stepping foot in the State of California. "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* Nowak signed the Offer Memorandum on behalf of a Georgia corporation, in Georgia, *not* California. (See Exhibit 1 - Nowak Declaration) The contract did not obligate Nowak to perform or direct any activities in California; only Cinamaker had obligations under the contract. Plaintiff does not point to a single

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER

#102031973v1

instance where Nowak, as an individual, availed himself to the privileges of conducting activities in California because there simply is no existence of such an instance. The contract Plaintiff relies on for his breach of contract claim was executed in Georgia. Even when Plaintiff points out that the agreement was signed by Nowak, on behalf of Cinamaker, he still failed to demonstrate that Nowak performed an act in California, or even directed activities towards California. (R. Doc. 13, pg. 5, lines 26-28).

The closest Plaintiff comes to Nowak having directed himself towards California comes is an allegation that Nowak sent an alleged defamatory text to Plaintiff and Plaintiff lived in California when he received the text.  In order to succeed on a defamation claim, Plaintiff must show that there was (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Royal Holdings Techs. Corp. v. IP Video Mkt. Info, Inc.* (9th Cir. Nov. 9, 2022, No. 21-55048) 2022 U.S. App. LEXIS 31022, at *2. Plaintiff cannot satisfy the elements of defamation because the statement Nowak allegedly made was not false, nor did it cause any injury or damage (if Plaintiff believed the text message caused damage, he certainly would not have attached it to his Opposition Brief making it available in the public record). (R. Doc. 1-C, Exhibit B). Plaintiff also does not provide evidence or even allege that the text message was sent to anyone in California besides himself.  Therefore, Plaintiff has failed to show publication in the state of California. Moreover, Plaintiff possessed several pieces of

Cinamaker's equipment and had yet to return them. (R. Doc. 12, pgs. 8 & 9). Thus, calling Plaintiff a "thief" was not false, and instead was part of the reason for the First Filed Action, i.e., Plaintiff's failure to return company equipment after several demands to do so. As such, Nowak did not purposefully direct conduct towards California because Plaintiff's tort claim of defamation fails.

Regardless, this Court does not have general or specific jurisdiction over Nowak, as Nowak is not "at home" in California, nor did he purposefully direct conduct towards California.

## III. The First to File Rule Does Apply

Plaintiff first argues that the First to File Rule does not apply because the two actions are not substantially similar. It cannot be disputed that the claims in both actions arise out of the Offer Memorandum. Cinamaker filed the First Filed Action against Plaintiff because there exists a genuine dispute whether Plaintiff is entitled to cash or stock under the terms of the Offer Memorandum. The thrust of this action is Plaintiff's claim that he is entitled to nearly $700,000 as deferred compensation under the Offer Memorandum. In the First Filed Action, Cinamaker's position is that the deferred compensation accrued as stock warrants under the Offer Memorandum and in the past practice of the parties. Therefore, the two actions are substantially similar and the First to File Rule Applies.

The Ninth Circuit has identified three special circumstances in which a court may decline to apply the first-to-file rule: (1) when the first-filed suit was filed in bad

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER

#102031973v1

faith, (2) was anticipatory, or (3) was forum shopping. *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622 (9th Cir. 1991). Plaintiff argues that the "anticipatory suit exception" applies. In making this argument, however, the Plaintiff misrepresents the facts. Plaintiff claims: "Plaintiff had prepared his lawsuit for filing but withheld the filing to give Defendants time to consider a specific settlement demand. Instead of responding to the settlement demand, Defendants initiated their case against Plaintiff in the Northern District of Georgia." (R. Doc. 13, p. 15) This is false. It was Cinamaker, not Plaintiff, who made a settlement offer on November 20, 2023, and that demand specifically laid out Cinamaker's position regarding the deferred compensation. (See Exhibit 2 - Lewis Declaration and Exhibit A- Settlement Email). Plaintiff did not respond. Cinamaker followed up on the settlement offer (and its pervious requests for the return of property) on November 28, 2023, and then Plaintiff responded and made a settlement counter. *Id.* More importantly, Cinamaker made multiple requests for Plaintiff to return its property and even provided shipping labels so it would not cost Plaintiff to do so. (See Exhibit B- Shipping Labels Emails) The final demand was on November 30, 2023, two days after Plaintiff's settlement response. (See Exhibit A) This final demand, like the others, was ignored and Cinamaker filed the First Filed Action in Georgia. In fact, nearly a month passed by between the time Cinamaker first demanded return of its property and the time of filing suit.

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER

#102031973v1

Cinamaker did not file its complaint in the Northern District of Georgia in anticipation of a lawsuit, but instead because it sought to retrieve its equipment from Plaintiff, as well as to have the Court decide the parties' rights under the Offer Memorandum, which are clearly in dispute. Therefore, the First to File Rule applies and this case should be dismissed or transferred to the First Filed Action.

## IV. Conclusion

Based on the foregoing, Defendants Cinamaker, Inc. and Benjamin Nowak respectfully requests that the Court grant its motion to dismiss and/or transfer venue to the Northern District of Georgia.

DATED: January 26, 2024

**JONES WALKER, LLP**

By:  ___*/s/ John W. Mills*___
John W. Mills
jmills@joneswalker.com
Attorney for Defendants CINAMAKER INC. and BENJAMIN NOWAK

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS/TRANSFER

#102031973v1

1  JOHN W. MILLS
   (CA State Bar No. 149861)
2  JONES WALKER, LLP
3  3455 PEACHTREE ROAD NE,
   SUITE 1400
4  ATLANTA, GA 30326
5  TELEPHONE: 404-870-7517
   FACSIMILE: 404-870-7533
6  jmills@joneswalker.com
7  ATTORNEY FOR DEFENDANTS

JOSEPH F. LAVIGNE
(admitted *pro hac vice*)
JONES WALKER LLP
201 ST. CHARLES AVE
SUITE 4700
NEW ORLEANS, LA 70170
TELEPHONE: 504-582-8610
FACSIMILE: 504-589-8610
jlavigne@joneswalker.com

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 | GARY BAKER, AN INDIVIDUAL

13 | PLAINTIFFS,

14

15 | VS.

16

17 | CINAMAKER, INC., A
   | CORPORATION,
18 | BENJAMIN NOWAK, AN
   | INDIVIDUAL, AND
19 | DOES 1 THROUGH 10, INCLUSIVE
20
21 |              Defendants.

Case No. 2:23-cv-10611-FLA-AGR

**DECLARATION OF BENJAMIN NOWAK**

**Date: February 9, 2024**

**Time: 1:30 pm**

**Ctrm: 6B**

 **Complaint Filed: DECEMBER 11, 2023**

22

23     I, BENJAMIN NOWAK, declare as follows:

24  1.    I am a defendant in the above-captioned mater. The facts stated below are true

25  to the best of my knowledge, or, if stated on belief, are facts I believe to be true. I am

26  competent to testify to the following.

27  2.    The Offer Memorandum between Gary Baker and Cinamaker, Inc was executed

28  by me in Atlanta, Georgia.

1

DECLARATION OF BENJAMIN NOWAK

#101932064V1
#102032617V1

1    3.    I signed the Offer Memorandum on behalf of Cinamaker, Inc, which is a

2    Georgia Corporation with its principal place of business in Atlanta, Georgia.

3

4    I declare under penalty of perjury of the laws of the United States that the foregoing is

5    true and correct.

6

7    Dated January 26, 2024 at Atlanta, Georgia.

8

9

10                                                      _____

11

12                                                      Benjamin Nowak

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF BENJAMIN NOWAK

**EXHIBIT 1**

JOHN W. MILLS
(CA State Bar No. 149861)
JONES WALKER, LLP
3455 PEACHTREE ROAD NE,
SUITE 1400
ATLANTA, GA 30326
TELEPHONE: 404-870-7517
FACSIMILE: 404-870-7533
jmills@joneswalker.com
ATTORNEY FOR DEFENDANTS

JOSEPH F. LAVIGNE
(admitted *pro hac vice*)
JONES WALKER LLP
201 ST. CHARLES AVE
SUITE 4700
NEW ORLEANS, LA 70170
TELEPHONE: 504-582-8610
FACSIMILE: 504-589-8610
jlavigne@joneswalker.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BAKER, AN INDIVIDUAL<br><br>PLAINTIFFS,<br><br>VS.<br><br>CINAMAKER, INC., A CORPORATION, BENJAMIN NOWAK, AN INDIVIDUAL, AND<br><br>DOES 1 THROUGH 10, INCLUSIVE<br><br>Defendants. | Case No. 2:23-cv-10611-FLA-AGR<br><br>**DECLARATION OF SIDNEY LEWIS**<br>**Date: February 9, 2024**<br>**Time: 1:30 pm**<br>**Ctrm: 6B**<br><br>**Complaint Filed: DECEMBER 11, 2023** |

I, SIDNEY LEWIS, declare as follows:

1.      The facts stated below are true to the best of my knowledge, or, if stated on belief, are facts I believe to be true. I am competent to testify to the following.

2.      The emails attached hereto as Exhibits A-Settlement Email and B-Shipping Labels Email are true and correct copies of the emails between me and James H. Cordes, Plaintiff's counsel.

1

**EXHIBIT**

**2**

3.     I emailed James H. Cordes on behalf of Cinamaker, Inc. and Benjamin Nowak. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated January 26, 2024 at Atlanta, Georgia.

_____
Sidney Lewis

## Pritchett, Emily

| | |
|---|---|
| **From:** | Lewis, Sidney |
| **Sent:** | Thursday, November 30, 2023 9:58 AM |
| **To:** | Benjamin Nowak; benjamin@cinamaker.net |
| **Cc:** | Lavigne, Joseph |
| **Subject:** | FW: [EXTERNAL] RE: Cinamaker / Gary Baker |

Benjamin, see below. Joe and I will discuss whether we counter tomorrow or early next week with $75,000. If they don't return the equipment, we still may have the Georgia option.

**Sidney F. Lewis** | Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com

**From:** Lewis, Sidney
**Sent:** Thursday, November 30, 2023 9:56 AM
**To:** 'James Cordes' <jim@jamescordes.com>
**Cc:** 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** RE: [EXTERNAL] RE: Cinamaker / Gary Baker

James, I have passed this on to my client and will respond shortly. Did you receive the packing slips to return the equipment to Mr. Nowak? Thanks.

**Sidney F. Lewis** | Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com

**From:** James Cordes <jim@jamescordes.com>
**Sent:** Tuesday, November 28, 2023 4:38 PM
**To:** Lewis, Sidney <slewis@joneswalker.com>
**Cc:** 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** [EXTERNAL] RE: Cinamaker / Gary Baker

Thank you for the reminder. We were just putting the response together. To remind you, Mr. Baker's deferred salary claim is $698,993.33 plus unpaid tax liability for 2018-2020 and 2022 was approximately $19,355 plus the current 2023 tax obligation was estimated at be an additional $12,000, for a total on the order of $732,000.

I do not represent Dennis Baker and my client Gary Baker does not speak for him. As to Gary Baker, he will accept the following to resolve all his claims against Mr. Nowak personally as well as the company:

1. 10% equity in the company to be memorialized in a mutually agreeable way,
2. Payment to Gary Baker in the amount of $600,000.

Please let us know within a week if this is acceptable or if we should proceed to litigation. In the meantime, if you have any questions, don't hesitate to call me.



EXHIBIT
A

James H. Cordes, Esq.
James H. Cordes and Associates
831 State Street, Suite 205
Santa Barbara, CA 93101
(805) 965-6800
Fax (805) 965-5556
www.jamescordes.com
-------------------------------------

This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail.

---

**From:** Pritchett, Emily <epritchett@joneswalker.com> **On Behalf Of** Lewis, Sidney
**Sent:** Tuesday, November 28, 2023 12:14 PM
**To:** jim@jamescordes.com
**Cc:** Lewis, Sidney <slewis@joneswalker.com>; 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** RE: Cinamaker / Gary Baker

James, I am following up on our settlement offer last week, as well as the return of Cinamaker property. I look forward to hearing from you.

**Sidney F. Lewis**  |  Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com

---

**From:** Pritchett, Emily **On Behalf Of** Lewis, Sidney
**Sent:** Monday, November 20, 2023 3:15 PM
**To:** 'James Cordes' <jim@jamescordes.com>
**Cc:** 'Angelica Caro' <ajc@jamescordes.com>; Lewis, Sidney <slewis@joneswalker.com>
**Subject:** Cinamaker / Gary Baker

James, this is in response to the threatened legal action against Cinamaker and Benjamin Nowak.

We have carefully reviewed the documents in question, as well as correspondence that we have internally. With regard to the deferred compensation, the original offer letter on September 1, 2017, provided only for deferred compensation in stock, which the company stands ready to issue.

Six months later, your client sent Mr. Nowak an "Offer Memorandum" (that he back-dated) which provided the option to pay cash as the deferred comp assuming there was mutual agreement of the parties "at a later date." It is clear there was never any mutual agreement of the parties to pay cash.

Cinamaker is very close to shutting down due to lack of success. It is nearly impossible to raise money after seven years with no success. The company also has over $5,250,000 in secured notes -- $250,000 of which is owed to Mr. Baker's brother with $5,000,000 in priority notes ahead of him. Therefore, even if Mr. Baker prevails in a lawsuit, there will be no recovery from the company. There is also no reasonable chance of recovery against Mr. Nowak as the majority of his assets are tied to the Company.

With regard for the defamation claim, it was to Ukrainian individuals (who are fighting for their lives) in an internal chat group, and follow-up communications between Mr. Nowak and those individuals completely undermine any defamation claim. There have been no damages incurred by Mr. Baker over this communication that literally fell on deaf ears. Mr. Baker will follow the same path as the company if there were to be a liability finding.

Mr. Baker's chance to recover anything is now or never. Cinamaker has an investor who is willing to put up limited cash solely in an effort to defend or resolve the potential lawsuit. Therefore, Cinamaker is willing to offer two options to resolve this dispute:

1. Cinamaker will provide Mr. Baker with all documentation related to his granted phantom stock and deferred phantom stock, and an agreement will be reached with respect to the total amount of phantom stock and the terms and conditions related to payout of same; or
2. Cinamaker will make a one-time cash payment of $50,000.00 to settle any and all disputes between Cinamaker (and all of its shareholders, employees, etc.) and Gary Baker and Dennis Baker, which will expressly include all issues raised in the draft lawsuit, any claim to accrued phantom stock, and Dan Baker's $250,000 of outstanding notes.

I look forward to hearing from you.

**Sidney F. Lewis**  |  Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com



Jones Walker LLP
201 St. Charles Ave, Ste 5100
New Orleans, LA 70170
**joneswalker.com**

## Pritchett, Emily

| | |
|---|---|
| **From:** | Pritchett, Emily |
| **Sent:** | Monday, November 20, 2023 8:19 AM |
| **To:** | James Cordes; 'Angelica Caro' |
| **Cc:** | Lewis, Sidney; Lavigne, Joseph |
| **Subject:** | RE: [EXTERNAL] RE: Gary Baker |
| **Attachments:** | label_pdf_11-17-2023.pdf |

James, regarding the company property, can you please use the attached info to have it shipped today.

Thanks,
Emily

**Emily A. Pritchett** | Legal Assistant
Jones Walker LLP
D: 504.582.8447
epritchett@joneswalker.com

**From:** Lewis, Sidney
**Sent:** Friday, November 17, 2023 8:30 AM
**To:** 'James Cordes' <jim@jamescordes.com>; 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** RE: [EXTERNAL] RE: Gary Baker

Thanks James, will get with my client and get you something early next week.

**Sidney F. Lewis** | Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com

**From:** James Cordes <jim@jamescordes.com>
**Sent:** Thursday, November 16, 2023 11:49 AM
**To:** Lewis, Sidney <slewis@joneswalker.com>; 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** RE: [EXTERNAL] RE: Gary Baker

We don't have access to Mr. Baker's email or files so we can't confirm what has and hasn't been paid. If you could provide some backup that would help.

As to returning materials, we have about three banker's boxes worth of the stuff you identified. What should we do with it? I propose sending us some prepaid shipping labels for three banker's boxes and we can return it that way.

There is a new tax bill that is your client's responsibility, see attached.

Finally, I had told you I would reach out before we file a lawsuit. We are at that point. We will have to file the lawsuit early next week unless we get a realistic and good faith proposal to address Mr. Baker's claims. Are you authorized to accept service of process or will formal service be necessary?

Thanks in advance and feel free to contact me with any questions or concerns.

James H. Cordes, Esq.
James H. Cordes and Associates

1



EXHIBIT
**B**

831 State Street, Suite 205
Santa Barbara, CA 93101
(805) 965-6800
Fax (805) 965-5556
www.jamescordes.com
-----------------------------------
This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail.

**From:** Pritchett, Emily <epritchett@joneswalker.com> **On Behalf Of** Lewis, Sidney
**Sent:** Friday, November 10, 2023 12:20 PM
**To:** 'James Cordes' <jim@jamescordes.com>; 'Angelica Caro' <ajc@jamescordes.com>
**Cc:** Lewis, Sidney <slewis@joneswalker.com>
**Subject:** RE: [EXTERNAL] RE: Gary Baker

James, one of the first things I would like to address is Mr. Baker's expense report. Mr. Nowak indicates that expenses noted for April 24, May 1 and May 8, were submitted in Mr. Baker's last report and paid, which would remove $1,269.96. Let me know if Mr. Baker concurs.

On the other hand, Mr. Baker currently has the following company equipment: 1) 16 in. MacBook Pro (2022 model); 2) four Canon camcorders and accessories; 3) six miscellaneous iPhones; 4) a digital audio interface; and 5) ethernet network hardware.

There may be additional equipment as we are still conducting inventory. Can you please let me know whether Mr. Baker intends to return these items to Mr. Nowak? I look forward to hearing from you.

**Sidney F. Lewis** | Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com

**From:** Lewis, Sidney
**Sent:** Wednesday, November 8, 2023 1:42 PM
**To:** James Cordes <jim@jamescordes.com>
**Cc:** 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** RE: [EXTERNAL] RE: Gary Baker

Thanks James, I will look through this and get with Mr. Nowak.

**Sidney F. Lewis** | Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com

**From:** James Cordes <jim@jamescordes.com>
**Sent:** Tuesday, November 7, 2023 6:23 PM
**To:** Lewis, Sidney <slewis@joneswalker.com>
**Cc:** 'Angelica Caro' <ajc@jamescordes.com>
**Subject:** [EXTERNAL] RE: Gary Baker

Thank you for contacting me. Attached is the lawsuit that we will file in the absence of any forward progress. I know you are newly to this matter, but your client has been on notice for about a month and half now. Please also note that the

vast majority of the claims implicate Mr. Nowak's personal liability, and we are confident that as he is an alter ego of the corporation, we could reach his personal assets on all claims if necessary.

Also, separate and apart from everything else, Mr. Baker has some final expenses to be reimbursed. Please see attached.

If you have any questions, please contact me.

James H. Cordes, Esq.
James H. Cordes and Associates
831 State Street, Suite 205
Santa Barbara, CA 93101
(805) 965-6800
Fax (805) 965-5556
www.jamescordes.com
--------------------------------------
This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail.

**From:** Pritchett, Emily <epritchett@joneswalker.com> **On Behalf Of** Lewis, Sidney
**Sent:** Tuesday, November 7, 2023 11:18 AM
**To:** jim@jamescordes.com
**Cc:** Lewis, Sidney <slewis@joneswalker.com>
**Subject:** Gary Baker

Jim, I am assisting Benjamin Nowak with regard to the above-referenced matter. Please give me a call at your earliest convenience. Thank you.

**Sidney F. Lewis** | Partner
Jones Walker LLP
D: 504.582.8352
slewis@joneswalker.com



Jones Walker LLP
201 St. Charles Ave, Ste 5100
New Orleans, LA 70170
**joneswalker.com**



Cut on dotted line.



## Instructions

1. **Please use a laser or laser-quality printer.**

2. **Adhere shipping label to package with tape or glue - DO NOT TAPE OVER BARCODE. Be sure all edges are secure. Self-adhesive label is recommended.**

3. **Place label so that it does not wrap around the edge of the package.**

4. **Each shipping label number is unique and can be used only once - DO NOT PHOTOCOPY.**

5. **Please use this shipping label on the "ship date" selected when you requested the label.**

6. **If a mailing receipt is required, present the article and Online e-Label Record at a Post Office for postmark.**

**9435 2301 0935 5000 0307 07**

Print Date: **2023-11-17**

Ship Date: **2023-11-17**

| | |
|---|---|
| GRD ADVANTAGE | $28.62 |
| Extra Services: | $19.55 |
| Fees: | **$0.00** |
| Total: | **$48.17** |

From: **CINAMAKER, INC.**
**BENJAMIN NOWAK**
**3619 PIEDMONT RD NE**
**ATLANTA GA 30305-1426**

To: **CINAMAKER, INC.**
**BENJAMIN NOWAK**
**3512 PRESERVE DR SE**
**ATLANTA GA 30339-3736**

\* Commercial Pricing GRD ADVANTAGE rates apply. There is no fee for USPS Tracking® service on GRD ADVANTAGE service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

**UNITED STATES POSTAL SERVICE®** *Thank you for shipping with the United States Postal Service!*

*Check the status of your shipment on the USPS Tracking® page at usps.com*



✂ — — — — — — — — — — — — — — —

*Cut on dotted line.*



## Instructions

1. **Please use a laser or laser-quality printer.**

2. **Adhere shipping label to package with tape or glue - DO NOT TAPE OVER BARCODE. Be sure all edges are secure. Self-adhesive label is recommended.**

3. **Place label so that it does not wrap around the edge of the package.**

4. **Each shipping label number is unique and can be used only once - DO NOT PHOTOCOPY.**

5. **Please use this shipping label on the "ship date" selected when you requested the label.**

6. **If a mailing receipt is required, present the article and Online e-Label Record at a Post Office for postmark.**

**9435 2301 0935 5000 0307 21**

| | | | |
|---|---|---|---|
| **Print Date:** 2023-11-17 | | **GRD ADVANTAGE** | **$28.62** |
| **Ship Date:** 2023-11-17 | | **Extra Services:** | **$19.55** |
| | | **Fees:** | **$0.00** |
| | | **Total:** | **$48.17** |

**From:** CINAMAKER, INC.
BENJAMIN NOWAK
3619 PIEDMONT RD NE
ATLANTA GA 30305-1426

**To:** CINAMAKER, INC.
BENJAMIN NOWAK
3512 PRESERVE DR SE
ATLANTA GA 30339-3736

\* Commercial Pricing GRD ADVANTAGE rates apply. There is no fee for USPS Tracking® service on GRD ADVANTAGE service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

**UNITED STATES POSTAL SERVICE®** *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*



✂ - - - - - - - - - - - - - - - - - - - - - - - - - -
*Cut on dotted line.*

## Instructions

1. Please use a laser or laser-quality printer.

2. Adhere shipping label to package with tape or glue - DO NOT TAPE OVER BARCODE. Be sure all edges are secure. Self-adhesive label is recommended.

3. Place label so that it does not wrap around the edge of the package.

4. Each shipping label number is unique and can be used only once - DO NOT PHOTOCOPY.

5. Please use this shipping label on the "ship date" selected when you requested the label.

6. If a mailing receipt is required, present the article and Online e-Label Record at a Post Office for postmark.

**9435 2301 0935 5000 0307 14**

| | |
|---|---|
| Print Date: **2023-11-17** | |
| Ship Date: **2023-11-17** | |

| | |
|---|---|
| GRD ADVANTAGE | $28.62 |
| Extra Services: | $19.55 |
| Fees: | **$0.00** |
| Total: | **$48.17** |

**From:** CINAMAKER, INC.
BENJAMIN NOWAK
3619 PIEDMONT RD NE
ATLANTA GA 30305-1426

**To:** CINAMAKER, INC.
BENJAMIN NOWAK
3512 PRESERVE DR SE
ATLANTA GA 30339-3736

\* Commercial Pricing GRD ADVANTAGE rates apply. There is no fee for USPS Tracking® service on GRD ADVANTAGE service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

**UNITED STATES POSTAL SERVICE®** *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*

Case 1:23-cv-03943-VTW Document 14-1 Filed 02/05/24 Page 7 of 22

**UNITED STATES POSTAL SERVICE** ®

**Shipment Confirmation**
**Acceptance Notice**

**A. Mailer Action**

**Note To Mailer:** The labels and volumes associated to this form online **must** match the labeled packages being presented to the USPS® employee with this form.

Shipment Date: ___11/17/23_____

Shipped From:

Name: ___BENJAMIN NOWAK_____

Address: ___3619 PIEDMONT RD NE_____

City: ___ATLANTA_____

State: __GA___     ZIP+4: _30305-1426_____

| Type of Mail | Volume |
|---|---|
| Priority Mail Express®* | 0 |
| Priority Mail® | 0 |
| USPS Ground Advantage™ | 3 |
| Returns | 0 |
| International* | 0 |
| USPS Connect™ Local | 0 |
| USPS Connect™ Local Mail | 0 |
| USPS Connect™ Regional | 0 |
| Other | 0 |
| Total | 3 |

*Start time for products with service guarantees will begin when mail arrives at the local Post Office™ and items receive individual processing and acceptance scans.

**B. USPS Action**

USPS EMPLOYEE: Please scan upon pickup or receipt of mail.
Leave form with customer or in customer's mail receptacle.



USPS SCAN AT ACCEPTANCE

9475 0301 0935 5032 7643 08

PS Form **5630**, November 2018        PSN 7530-08-000-4335