IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CINAMAKER, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY BAKER, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:23-CV-5542-TWT |

**OPINION AND ORDER**

This is an employment dispute case. It is before the Court on Defendant Gary Baker's Motion to Partially Dismiss or Transfer [Doc. 12] and Motion for Judicial Notice [Doc. 13] and the parties Joint Motion to Consolidate [Doc. 18]. For the reasons set forth below, the Defendant's Motion to Partially Dismiss or Transfer [Doc. 12] is DENIED, and the Defendant's Motion for Judicial Notice [Doc. 13] is GRANTED. The parties' Joint Motion to Consolidate [Doc. 18] is also GRANTED.

### I. Background[1]

This case arises out of a dispute regarding Plaintiff Gary Baker's former employment with Defendant Cinamaker, Inc. ("Cinamaker"). In its Complaint, Cinamaker requests relief on four counts: theft (Count I), conversion (Count II), declaratory judgment (Count III), and litigation expenses

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

(Count IV). (Compl. ¶¶ 32, 36, 44, 47). Baker presently moves to dismiss only the declaratory judgment claim or, alternatively, to transfer the case to the Central District of California. Along with that motion, Baker moves the Court to take judicial notice of documents filed in a case in Santa Barbara County Superior Court that apparently concerns the same parties and underlying set of facts.

The relevant facts are as follows. In 2017, Cinamaker hired Baker as Senior Vice President of Corporate Development. (*Id.* ¶ 12). Baker's offer letter ("Offer Letter") included the following compensation clause: "While disbursement will be partially remitted as net cash compensation every two weeks, the balance will accrue as either stock warrants, options, or another instrument (TBD.)." (*Id.* ¶ 14). Six months into his employment, Baker provided a subsequent memorandum ("Offer Memorandum") to Cinamaker's CEO with the following compensation statement:

> While disbursement will be partially remitted as net cash compensation every two weeks, the balance will accrue as either stock warrants, options, cash, or another instrument to be mutually agreed upon at a later time by Cinamaker and Gary Baker. Records of accrued value will be maintained by Cinamaker and reported to Gary Baker on a monthly basis.

(*Id.* ¶¶ 15–16). Later, in 2023, Baker resigned and requested his deferred compensation in the form of cash. (*Id.* ¶ 19).

Cinamaker's Complaint alleges that "there was *never* any mutual agreement between the parties" regarding the type of deferred compensation

2

owed Baker and that, as a result, Baker is not entitled to cash. (*Id.* ¶¶ 17, 44). In Count III, Cinamaker requests a declaratory judgment finding that the agreements do not require it to provide Baker's deferred compensation in the form of cash. (*Id.* ¶ 44). Cinamaker states that it is "ready and willing to issue" the deferred compensation, but only in stock. (*Id.* ¶ 42). It further states that Baker was aware that Cinamaker had "tracked" his deferred compensation in stock throughout his employment. (*Id.* ¶ 18). Baker insists that he is entitled to cash, (*Id.* ¶ 43), which is presumably worth more than the stock, and he now moves to dismiss Count III.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251

(7th Cir. 1994) (noting that, at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

Regarding judicial notice, a court may take judicial notice "on its own" or "if a party requests it." Fed. R. Evid. 201(c). A court may take judicial notice of a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Permissible facts under this standard include publicly filed court documents and court orders. *Universal Express, Inc. v. U.S. Secs. & Exch. Comm'n*, 177 F. App'x 52, 53 (11th Cir. 2006); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). A court cannot take judicial notice of a court document for the "truth of the matter[ ]," but it can do so to "establish the fact of such litigation and related filings." *Jones*, 29 F.3d at 1553 (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)). For an order issued by another court, the Eleventh Circuit has similarly stated that judicial notice is appropriate "only for the limited purpose of recognizing the 'judicial act' that the order

4

represents or the subject matter of the litigation." *Id.*

### III. Discussion

#### A. Motion for Judicial Notice

The Court begins with Baker's request for judicial notice. Baker moves for judicial notice of a complaint he filed in Santa Barbara County Superior Court against Cinamaker, the removal of that case to the Central District of California, and the parties' subsequent briefing on a motion to dismiss in that case. (Def.'s Req. for Judicial Notice, at 1–2). Cinamaker does not oppose the motion in the present case.

The Court grants the motion to "establish the fact of such litigation and related filings." *See Jones*, 29 F.3d at 1553 (quoting *Liberty Mut.*, 969 F.2d at 1388). In the time since Baker's motion was filed, the Court additionally notes that the Central District of California granted the transfer of its case to the Northern District of Georgia. *Baker v. Cinamaker, Inc.*, No. 2:23-cv-10611 (C.D. Cal. Aug. 5, 2024) (order granting transfer). The Court takes judicial notice of this fact as well under Rule 201. Fed. R. Evid. 201(c)(1).

#### B. Motion to Dismiss

In assessing Baker's motion to dismiss the declaratory judgment claim (Count III), the Court first looks at the basis for Cinamaker's claim. Cinamaker's Complaint appears to identify the Georgia Declaratory Judgment Act as the statutory basis for seeking declaratory relief. (Compl. ¶ 38 (citing

5

O.C.G.A. § 9-4-1)). Baker does not appear to contest this basis, though he argues that a declaratory judgment claim would additionally fail under the federal Declaratory Judgment Act. (Def.'s Br. in Supp. of Mot. to Partially Dismiss, at 9–10). In assessing the present case, however, the Court clarifies that it will strictly look to the federal Act. The Eleventh Circuit has noted that federal courts sitting in diversity must apply the federal Declaratory Judgment Act—rather than its state analog. *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1138 n.3 (11th Cir. 2005) ("There is little doubt . . . that the district court had to apply the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, rather than the state [of Georgia's] declaratory judgment act."). Federal courts must apply substantive state law and federal procedural law under the *Erie* doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). And both the federal and Georgia declaratory judgment statutes are procedural rather than substantive. *See Manuel*, 430 F.3d at 1138 n.3; *see also Gordon v. Auto-Owners Ins. Co.*, 2020 WL 2770169, at *2 (S.D. Ga. May 28, 2020) (noting that the Eleventh Circuit found that the Georgia Declaratory Judgment Act is "a procedural mechanism" that "does not confer any substantive rights"). Other circuits agree regarding other state declaratory judgment statutes. *See, e.g., Bruno v. Casella Waste Sys., Inc.*, 616 F. App'x 20, 21 n.2 (2d Cir. 2015) (citation omitted); *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017); *Utica*

*Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). As a result, the Court will evaluate the dismissal of Cinamaker's declaratory judgment claim under the federal Declaratory Judgment Act. Even if the Court were to evaluate the claim under the Georgia Declaratory Judgment Act, however, it would not change this Court's ruling or reasoning given that the statutes are so similar in nature.

The federal Declaratory Judgment Act provides that a federal court may only adjudicate a case for declaratory relief if an "actual controversy" exists. 28 U.S.C. § 2201(a); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (noting that Article III's "cases" and "controversies" requirement is embodied in the Declaratory Judgment Act's "actual controversy" requirement). As the Supreme Court has explained:

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree . . . . [T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The courts determine whether an actual controversy exists on a "case-by-case basis." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1570 (11th Cir. 1995) (citing *Hendrix v. Poonai*, 662 F.2d 719, 721–22 (11th Cir. 1981)).

7

Beyond the actual controversy requirement, the Court possesses "unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). The Act "provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so." *Id.* (quoting 28 U.S.C. § 2201(a)). As one district court put it, a court's "discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct action involving the same parties and the same issues has already been filed." *Knights Armament Co. v. Optical Sys. Tech, Inc.*, 568 F. Supp. 2d 1369, 1374–75 (M.D. Fla. 2008).

The parties additionally discuss in their briefs nine "guideposts" that the Eleventh Circuit has offered to federal courts facing a declaratory judgment action where a substantially similar *state court* case is pending. *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (providing the factors to "aid district courts in balancing state and federal interests"). However, seeing as the parallel action relevant here is in federal rather than state court, the Court does not expressly evaluate each guidepost. *See Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1287 (11th Cir. 2021) (finding that use of the "guideposts" is optional rather than required); *see also Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir. 1988) ("Whether a federal court should defer to pending state court actions

. . . does not involve the same considerations as those involved when it decides that it should require the litigants to abide the results of litigation pending in another federal court."). That being said, some of the guideposts that remain relevant include "whether the judgment in the federal declaratory action would settle the controversy," "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue," and "whether there is an alternative remedy that is better or more effective." *Ameritas*, 411 F.3d at 1331.

Baker contends that Cinamaker's declaratory judgment claim should be dismissed for two reasons. First, he argues that Cinamaker impermissibly seeks a declaration to settle past harms rather than to avoid potential future harm. (Def.'s Br. in Supp. of Mot. to Partially Dismiss, at 5–7). According to Baker, the "harm has been done" because Cinamaker has yet to provide Baker *any* deferred compensation, and now he is owed damages under his breach of contract claim. (*Id.* at 5–6 (contending there is no "continuing controversy" or "risk to Cinamaker of 'taking future undirected action'")). Second, Baker argues that the declaration sought is duplicative of Baker's ongoing breach of contract claim in the parallel district court case in Case No. 1:24-cv-3485 and that resolution of his separate breach of contract action will resolve Cinamaker's declaratory judgment action here. (*Id.* at 7–10). In that case, Baker asserts nine claims against Cinamaker, including for breach of contract,

9

implied breach, and counts related to unpaid wages, untimely wages, and unfair business practices. (*See generally* Complaint, *Baker v. Cinamaker*, No. 1:24-cv-3485 (N.D. Ga. Dec. 19, 2023) [Doc. 1-3]). Baker states that the declaration sought by Cinamaker in the present case is "simply Cinamaker's defense to Mr. Baker's allegation of breach of the contract stated in the Offer Letter and Offer Memorandum." (Def.'s Br. in Supp. of Mot. to Partially Dismiss, at 5).

In response, Cinamaker contends that declaratory relief is appropriate because, while it agrees that Baker is owed deferred compensation and that it must provide it, there is an outstanding question regarding what form that compensation must take. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, at 6). In other words, Cinamaker argues it is not seeking a declaration that Baker is owed no damages; rather, it agrees that Baker is owed compensation but seeks a declaration that it is not required to provide compensation in the form of cash. (*Id.* at 6–7). For similar reasons, it suggests that the declaratory judgment claim is not duplicative of the breach of contract claim. (*Id.* at 6–7).

The Court ultimately concludes that dismissal of Count III is not necessary at this time. First, the Court agrees with Cinamaker that the declaratory judgment claim satisfies the standard for a justiciable controversy. Cinamaker concedes that Baker is owed compensation, but there is a live controversy regarding whether the agreements require Cinamaker to pay that

10

compensation in cash now that Baker has resigned. Cinamaker seeks declaratory relief to presumably avoid compensating Baker more than is required under the agreements. The present situation amounts to a "substantial controversy" between Baker and Cinamaker—parties with "adverse legal interests"—that is of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Pac. Coal & Oil*, 312 U.S. at 273.

Second, the declaratory judgment claim is not sufficiently duplicative of the breach of contract suit pending in this district (No. 1:24-cv-3485). The Court notes that the cases cited by Baker in support of his duplicative litigation argument largely involve situations in which *one party* brings claims for *both* declaratory judgment and breach of contract. *See, e.g.*, *Mena Catering, Inc. v. Scottsdale Ins. Co.*, 512 F. Supp. 3d 1309, 1322–23 (S.D. Fla. 2021); *HM Peachtree Corners I, LLC v. Panolam Indus. Int'l, Inc.*, 2017 WL 3700304, at *3 (N.D. Ga. 2017); *Braddy v. Morgan Oil Co.*, 183 Ga. App. 157, 158–59 (1987) (applying state law); *Pinnacle Benning LLC v. Clark Realty Cap.*, 314 Ga. App. 609, 612–13 (2012) (applying state law). *But see City of Summerville v. Sellers*, 82 Ga. App. 361, 361 (1950) (reversing the trial court's rejection of a declaratory judgment claim, but allowing the plaintiff to bring a breach of contract claim in the future instead). However, in the case at hand, one party has brought a declaratory judgment claim and the *opposing party* has brought a breach of

11

contract claim. Baker does not discuss this distinction, but a number of district courts in this circuit have found the difference important. In assessing a plaintiff's breach of contract claim and a defendant's substantially similar declaratory relief counterclaim, one district court case denied dismissal on the following grounds:

> In instances where the declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near "mirror image" of the complaint, because a "ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one."

*Astral Health & Beauty, Inc. v. Aloette of Mid-Miss., Inc.*, 895 F. Supp. 2d 1280, 1284 (N.D. Ga. 2012) (quoting *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556–57 (D.N.J. 2009)); *see also Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (same). Another court further stated that, "when [a] declaratory judgment and breach of contract claim[ ] [are] brought by opposing parties, the declaratory judgment serves a useful purpose, because the party bringing the breach of contract claim could simply dismiss its claim . . . ." *Uhlig LLC v. Cherry*, 2022 WL 949783, at *4 (S.D. Fla. Mar. 28, 2022) (alterations in original) (quoting *Empire Fire & Marine Ins. Co. v. Pandt-Brown*, 2018 WL 3232824, at *6 (E.D. Va. Feb. 26, 2018)); *see also New Mkt. Realty 1L LLC*

*v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. 2022) (finding that, "even if Defendant prevails against Plaintiff on its breach of contract claim, it will not necessarily obtain" a declaration as "positive" as the one sought in its declaratory relief claim). The Court finds this reasoning persuasive. Even if the declaratory judgment claim is wholly duplicative of the breach of contract claim, the Court remains within its discretion to deny dismissal. Therefore, considering the Court's substantial discretion in determining whether a declaratory judgment may be appropriate, the Court denies dismissal of Count III.

### C. Motion to Transfer in the Alternative

As an alternative to dismissal, Baker seeks transfer of the case to the Central District of California, where his breach of contract case was pending at the time of briefing. Given that the Central District of California has already transferred the breach of contract case to the Northern District of Georgia (No. 1:24-cv-3485), the Court finds Baker's transfer request moot.

The parties also jointly moved to consolidate this action with the transferred action, case no. 1:24-cv-3485. [Doc. 18]. Rule 42(a) enables case consolidation "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Generally, the Eleventh Circuit has "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v.*

13

*Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1967)). Because this case (No. 1:23-cv-5542) and the other pending case (No. 1:24-cv-3485) clearly involve common questions of law and fact, the Court will grant the parties' Joint Motion to Consolidate [Doc. 18] and hereby consolidates case no. 1:24-cv-3485 into this case, which was filed first.

## IV. Conclusion

For the foregoing reasons, the Defendant Gary Baker's Motion to Partially Dismiss [Doc. 12] is DENIED, and the Defendant's Motion for Judicial Notice [Doc. 13] is GRANTED. Additionally, the parties' Joint Motion to Consolidate [Doc. 18] is GRANTED. The Clerk is DIRECTED to consolidate Baker v. Cinamaker, Inc., No. 1:24-cv-3485 as a member case into the present action, No. 1:23-cv-5542, which is the lead action, and to close No. 1:24-cv-3485 administratively. Going forward, the Parties are DIRECTED to file all documents in the lead action, No. 1:23-cv-5542.

SO ORDERED, this ___4th___ day of November, 2024.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge

14