IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CINAMAKER, INC.,<br><br>    PLAINTIFF,<br><br>VERSUS<br><br>GARY BAKER,<br><br>    DEFENDANT | CASE NO. 1:23-CV-05542-TWT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.  Description of Case**

(a)  Describe briefly the nature of this action.

Plaintiff Cinamaker, Inc. ("Cinamaker") filed its action On December 23, 2023 asserting claims against Defendant Gary Baker ("Baker") for theft, conversion and a declaration that Baker's deferred compensation be paid in shares of Cinamaker stock.

On December 11, 2023, Baker filed a complaint in the Superior Court for Santa Barabara County, California against Cinamaker, Benjamin Nowak, and Does 1 through 10 asserting claims for breach of contract; breach of the implied covenant of good faith and fair dealing; violations of the California Labor Code including

1

misclassification as an independent contractor, unpaid wages, failure to provide accurate wage statements, waiting time penalties and expense reimbursement; unfair business practices under California's Business and Professions Code; and defamation.

The state court action was removed to the United States District Court for the central District of California, from which it was transferred to this Court on August 5, 2024. The two cases were consolidated by the Court on November 4, 2024.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

In 2017, Cinamaker hired Baker as Senior Vice President of Corporate Development, and he was later named President and Chief Operating Officer. His employment agreement set his total compensation at $200,000 per year, with partial payment as bi-weekly "net cash compensation" and the remainder to accrue in other forms. Baker contends he was promised 10% stock ownership separate from his deferred compensation, while Cinamaker contends the deferred compensation was always meant to be in stock form with no agreement for cash payment.

Later, in 2023, Baker resigned and requested his deferred compensation in the form of cash. Cinamaker alleges that there was never any mutual agreement between the parties regarding the type of deferred compensation owed Baker and that Cinamaker will issue the deferred compensation in stock.

Following his departure, Cinamaker requested the return of company equipment in his possession. Despite being provided with pre-paid shipping labels on November 20, Cinamaker contends that Baker had not returned the equipment or responded to follow-up requests at the time of their filing. Baker contends he returned all company equipment in his possession on or about December 20 and 23, 2023.

(c) The legal issues to be tried are as follows:

(1) Whether Baker's deferred compensation may be paid in shares of Cinamaker stock or must be paid in cash;

(2) Whether Baker unlawfully retained Cinamaker's equipment;

(3) Whether Baker's alleged unlawful retention of Cinamaker's equipment is theft by taking;

(4) Whether Cinamaker is entitled to replevin or value of property and punitive damages;

(5) Whether Baker improperly possesses, retained or used Cinamaker's property and/or intellectual property;

(6) Whether Baker's possession, retention or use of Cinamaker's property and/or intellectual property is conversion under Georgia law;

(7) Whether an employment or an independent contractor relationship existed between Baker and Cinamaker;

(8) Whether the parties reached a mutual agreement on the form of deferred compensation;

(9) Whether Georgia or California law applies to this case;

(10) Whether the deferred compensation agreement is subject to the requirements of California Labor Code § 2809;

(11) Whether the deferred compensation agreement is valid under California Labor Code § 2809;

(12) Whether Cinamaker failed to make payments under the deferred compensation agreement;

(13) Whether Cinamaker breached the duty of good faith and fair dealing;

(14) Whether Baker was misclassified as an independent contractor under California Labor Code §350;

(15) Whether Baker was an employee of Nowak under California law;

(16) Whether Cinamaker violated California Labor Code § 204 requiring twice-monthly payment;

(17) Whether Baker is entitled to unpaid wages;

(18) Whether Cinamaker violated California Labor Code § 226 reporting requirements;

(19) Whether Baker is entitled to penalties under California Labor Code § 226;

(20) Whether Cinamaker willfully failed to pay Baker wages upon termination;

(21) Whether Baker is entitled to 30 days wages as penalty under California Labor Code §203;

(22) Whether Nowak defamed Baker; and

(23) Whether Cinamaker is liable for Nowak's alleged defamation of Baker.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

Case No. 2:23-cv-10611-FLA-AGR has been consolidated with this case. (D.E. 19.)

(2) Previously Adjudicated Cases:

None.

2. This case is complex because it possesses one or more of the features listed below (please check):

#103376305v1

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_X\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_ (11) Unusually complex discovery of electronically stored Information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Joseph Lavigne, Esq.

Defendant: James Cordes, Esq.

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_ Yes          X No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

None are known at this time.

(b)   The following persons are improperly joined as parties:

None.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:

None anticipated a this time.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

*(a) Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

*(a) Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

*(b) Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(c) Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties have agreed to exchange Initial Disclosures within fourteen (14) days of the entry of the Scheduling Order.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

#103376305v1

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Documents and testimony regarding the nature of the deferred compensation, the location and/or use of Plaintiff's confidential intellectual property; any alleged defamatory statements made by a Defendant from the California action; damages allegedly suffered by any party.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Witnesses to the alleged defamatory statements are located in eastern European countries. Their depositions may be difficult to compel and/or complete.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

(b) Is any party seeking discovery of electronically stored information?

     X Yes        No

 If "yes,"

  (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

 The parties recognize that electronically stored email communications may be relevant to the claims and defenses in this case. However, other than email, text/instant messaging communications, and recorded voice mail messages, the parties do not anticipate seeking discovery of other electronically stored information at this time.

  (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

 The parties agree to provide ESI in either .pdf or native format.

 In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

 What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

 The parties are not aware of any such orders at this time.

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 21, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):     /s/ *Joseph F. Lavigne*
                                                                                          Joseph Lavigne, Esq.

       Other participants:     David J. Forestner

For defendant: Lead counsel (signature):     /s/ *James J. Cordes*
                                                                                           James H. Cordes, Esq.

       Other participants: N/A

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

       ( _____ ) A possibility of settlement before discovery.
       ( __X__ ) A possibility of settlement after discovery.
       ( _____ ) A possibility of settlement, but a conference with the judge is needed.
       ( _____ ) No possibility of settlement.

(c) Counsel ( X ) do or ( _____ ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next
settlement conference is after the exchange of certain written discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

Any specific problems anticipated at this time should be resolved by the exchange of documents discussed during the Planning Conference.

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties ( _____ ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____ , of 20___.

(b)  The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

/s/ David J. Forestner                    /s/ James H. Cordes
 Counsel for Plaintiff                     Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Deadline to serve Initial Disclosures: 14 days from the entry of this Scheduling Order.

End of fact discovery: 8 months from the entry of this Scheduling Order

Deadline for Plaintiffs to designate experts: 14 days after the expiration of Fact Discovery

Deadline for Defendants to designate experts: 30 days after the identification of Plaintiff's experts.

Deadline to designate rebuttal experts: 30 days after the identification of Defendant's experts.

End of expert discovery: 30 days after the identification of the last expert by Plaintiff or Defendant.

Deadline to file Daubert motions: 30 days after the last deposition of an expert.

Deadline to file dispositive motions: 30 days after the last deposition of an expert.

*IT IS SO ORDERED*, this ____ day of _____, 2024.

_____
The Honorable Thomas W. Thrash, Jr.
United States District Judge

#103376305v1