**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CINAMAKER, INC.,          )     Case No. 1:23-cv-05542-TWT
                        )
          Plaintiff,     )
                        )
   vs.               )
                        )
GARY BAKER,          )
                        )
          Defendant.   )
                        )

                        )     Case No. 1:24-cv-03485
GARY BAKER,          )
                        )
          Plaintiff,     )
                        )
   vs.               )
                        )
CINAMAKER, INC., BENJAMIN   )
NOWAK,              )
          Defendants.   )
                        )

## DEFENDANT GARY BAKER'S MOTION TO COMPEL DISCOVERY RESPONSES AND DISCLOSURES UNDER FED. R. CIV. P. 26(a) AND FOR ATTORNEYS' FEES

COMES NOW DEFENDANT GARY BAKER ("Mr. Baker" or

"Defendant"), and pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 presents his

Motion to Compel Discovery Responses and for Attorneys' Fees. Mr. Baker also

moves the Court to order Plaintiff CINAMAKER, INC. ("Cinamaker" or "Plaintiff") to comply with the initial disclosure requirement in Fed. R. Civ. P. 26(a).

## STATEMENT OF FACTS

This action arises from the former employment relationship between Mr. Baker and Cinamaker. Mr. Baker worked for Cinamaker in Santa Barbara, California. Following the end of Mr. Baker's employment, disputes arose regarding disputes arose regarding unpaid  compensation totaling approximately $698,993 that accrued during Mr. Baker's nearly six-year tenure as a senior executive, an additional 10% equity stake promised by CEO Benjamin Nowak in March 2018, and outstanding tax obligations of approximately $31,355 that Cinamaker had contractually agreed to pay. The employment relationship ended in August 2023 after Nowak presented Mr. Baker with an ultimatum to modify his compensation terms, which Mr. Baker rejected, leading to his resignation on August 27, 2023, and subsequent defamatory statements by Nowak referring to Mr. Baker as "Gary the Thief" in company communications. Following his resignation, Cinamaker requested that Mr. Baker return materials it contends belonged to it, which Mr. Baker ultimately returned.

The details surrounding the underlying dispute are not essential to resolution of this Motion, but provide helpful context for the Court's consideration of the discovery matters at issue.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Mr. Baker asks this Court to compel Cinamaker to provide the proper responses it has failed to provide.**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, a party is entitled to discover any relevant information which relates to the facts and circumstances surrounding an opposing party's conduct and other matters bearing upon the prosecution of the legal claims, subject to the parameters of Fed. R. Civ. P. 26. Unless the discovery request is objected to, in which case the reasons for said objection must be stated in lieu of an answer, answers to discovery served by mail are due within thirty-three (33) days of service. See Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Failure to timely object to the interrogatories is a waiver of the right to object and all interrogatories must be answered. Fed. R. Civ. P. 33(b)(4); see also *In re RDM Sports Group, Inc.*, 277 B.R. 415, 424 (N.D. Ga. 2002).

A motion to compel is a matter left to the discretion of the trial court, whose determination will not be overturned absent an abuse of discretion. *Commercial*

*Union Ins. Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir. 1984). Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, if a party "fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer." If the motion to compel discovery under Rule 37(a) is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expense incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Moreover, if a party fails to make a disclosure under Fed. R. Civ. P. 26(a), any other party can move to compel disclosure and seek sanctions. Fed. R. Civ. P. 37(a)(3)(A).

In the instant case, Cinamaker has completely failed to respond to Mr. Baker's discovery requests and has failed to provide the initial disclosures required under Fed. R. Civ. P. 26(a)(1). When confronted about the failure to respond, Cinamaker's counsel has deflected and failed to provide any timeline for compliance with its discovery obligations.

This Motion seeks proper responses to certain Interrogatories and Requests for Production served upon Cinamaker by Mr. Baker on April 16, 2025. Cinamaker has not responded to the discovery requests served upon it, despite the passage of more than six (6) weeks since service. Since then, counsel have engaged in a brief correspondence that involved Mr. Baker's counsel repeatedly requesting compliance with basic discovery obligations, while Defendant's counsel has deflected and failed to provide any substantive response regarding when discovery responses might be forthcoming.

**B.    Cinamaker' complete failure to respond to discovery.**

The discovery requests at issue were properly served on Cinamaker on April 16, 2025. As of the date of this Motion, Cinamaker has provided no responses whatsoever to any of the following discovery requests:

Twenty-five (25) interrogatories seeking basic information relevant to Mr. Baker's claims, including but not limited to identification of documents and witnesses, descriptions of relevant events, and factual contentions (Exhibit A):

1.    Identify all agreements, whether written or oral, between Cinamaker and Mr. Baker, including but not limited to the Offer Letter and Offer Memorandum referenced in paragraphs 13-16 of the Complaint.

2.    For each agreement identified in response to Interrogatory No. 1, state the date of execution, all parties to the agreement, and the material terms.

3.    For each written agreement identified in response to Interrogatory No. 1, state the current location of the document.

4.    Describe in detail how Cinamaker tracked Mr. Baker's deferred compensation in stock, as alleged in paragraph 18 of the Complaint.

5.    Identify all persons responsible for tracking Mr. Baker's deferred compensation in stock during his employment with Cinamaker.

6.    Describe how and when Cinamaker communicated to Mr. Baker that his deferred compensation was being tracked in stock.

7.    Identify the location of all documents reflecting the tracking of Mr. Baker's deferred compensation in stock.

8.    Identify each monthly report of "accrued value" provided to Mr. Baker as referenced in paragraph 16 of the Complaint.

9.    For each monthly report identified in response to Interrogatory No. 8, state the method by which it was delivered to Mr. Baker.

10.    Identify all persons who prepared the monthly reports of "accrued value" referenced in paragraph 16 of the Complaint.

11.    State with specificity the complete factual basis for Your contention that "there was never any mutual agreement between the parties to pay cash for the deferred compensation" as alleged in paragraph 17 of the Complaint.

12.    For each piece of equipment identified in paragraph 21 of the Complaint, state when and how it was provided to Mr. Baker.

13.    For each piece of equipment identified in paragraph 21 of the Complaint, state its current fair market value.

14.    Ientify all documents showing Cinamaker's ownership of the equipment identified in paragraph 21 of the Complaint.

15.    Describe in detail all "proprietary and confidential company information" that You contend is on the MacBook Pro referenced in paragraphs 22-23 of the Complaint.

16.    Identify all persons who created the "proprietary and confidential company information" referenced in paragraphs 22-23 of the Complaint.

17.    Identify all communications between Cinamaker and Mr. Baker regarding the return of equipment between August 2023 and the filing of this lawsuit.

18.    State with specificity the complete factual basis for Your contention that Mr. Baker has "acted in bad faith" as alleged in paragraph 46 of the

Complaint.

19.    Identify all instances of Mr. Baker's travel to Georgia referenced in paragraph 7 of the Complaint.

20.    Identify all meetings in Georgia that Mr. Baker attended with contractors and investors as referenced in paragraph 7 of the Complaint.

21.    State the total amount of deferred compensation You contend Mr. Baker accrued during his employment with Cinamaker.

22.    Describe how the total amount of Mr. Baker's deferred compensation was calculated.

23.    Describe in detail all attempts by Cinamaker to mutually agree with Mr. Baker on the form of deferred compensation between September 2017 and August 2023.

24.    Describe how the Company Capitalization Table referenced in paragraph 42 showed Mr. Baker's deferred compensation in stock.

25.    Identify all persons involved in tracking, recording, or communicating with Mr. Baker about his deferred compensation between September 2017 and August 2023.

In addition to the interrogatories, Mr. Baker also propounded twenty-one (21) requests for production of documents, again seeking basic information

relevant to Mr. Baker's claims, including but not limited to agreements, records, and correspondence (Exhibit B):

1.      Any and all documents comprising or reflecting agreements between Cinamaker and Gary Baker, including but not limited to the Offer Letter referenced in paragraph 13 of the Complaint and the Offer Memorandum referenced in paragraph 15 of the Complaint.

2.      Any and all documents reflecting or relating to Mr. Baker's compensation, including both cash compensation and deferred compensation, during his employment with Cinamaker.

3.      Any and all documents comprising or reflecting Company Capitalization Tables referenced in paragraph 42 of the Complaint that show or reflect Mr. Baker's deferred compensation in stock, including all versions and drafts.

4.      Any and all documents comprising or reflecting monthly reports of "accrued value" provided to Mr. Baker as referenced in paragraph 16 of the Complaint.

5.      Any and all documents comprising or reflecting communications between Cinamaker and Mr. Baker regarding his deferred compensation from

September 2017 through the present.

6.    Any and all documents reflecting or relating to any mutual agreement or attempts to reach mutual agreement regarding the form of Mr. Baker's deferred compensation.

7.    Any and all documents establishing Cinamaker's ownership of the equipment identified in paragraph 21 of the Complaint , including but not limited to purchase orders, receipts, invoices, and asset registers.

8.    Any and all documents comprising or reflecting communications between Cinamaker and Mr. Baker regarding the return of equipment from August 2023 through the present.

9.    Any and all documents comprising or reflecting pre-paid shipping labels provided to Mr. Baker for the return of equipment, as referenced in paragraphs 24-25 of the Complaint.

10.    Any and all documents comprising or reflecting Mr. Baker's use of pre-paid shipping labels provided to him for the return of equipment, as referenced in paragraphs 24-25 of the Complaint.

11.    Any and all documents reflecting or relating to Mr. Baker's travel to Georgia and meetings with contractors and investors in Georgia, as referenced in paragraph 7 of the Complaint.

12.     Any and all documents describing or reflecting the proprietary and confidential company information that Cinamaker contends is on the MacBook Pro referenced in paragraphs 22-23 of the Complaint , including but not limited to business plans, financial plans, historical corporate records, cap tables, and product roadmaps.

13.     Any and all documents reflecting or relating to the confidential or proprietary nature of the information referenced in paragraphs 22-23 of the Complaint.

14.     Any and all documents reflecting or relating to Cinamaker's tracking of Mr. Baker's deferred compensation in stock, as alleged in paragraph 18 of the Complaint.

15.     Any and all documents comprising or reflecting communications between Cinamaker employees regarding Mr. Baker's deferred compensation from September 2017 through the present.

16.     Any and all documents reflecting or relating to the current fair market value of the equipment identified in paragraph 21 of the Complaint.

17.     Any and all documents comprising or reflecting board minutes, resolutions, or other corporate documents discussing or relating to Mr. Baker's compensation or deferred compensation.

18.     Any and all documents reflecting or relating to any policies or procedures regarding company equipment provided to employees or contractors.

19.     Any and all documents reflecting or relating to Mr. Baker's delivery to Plaintiff of equipment identified in paragraph 21 of the Complaint.

20.     Any and all documents reflecting or relating to Cinamaker's calculation of the total amount of deferred compensation allegedly owed to Mr. Baker.

21.     Any and all documents comprising or reflecting communications between Cinamaker and any third parties regarding Mr. Baker's compensation or deferred compensation.

Additionally, Cinamaker has failed to provide the initial disclosures required under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1, which were due within thirty (30) days after Defendant's appearance.

### C.     Mr. Baker's efforts to resolve the discovery dispute.

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1(A)(1), Mr. Baker's counsel has attempted in good faith to confer with Cinamaker's counsel to resolve this discovery dispute without court intervention, as follows (Exhibit C):

On May 15, 2025, Mr. Baker's counsel James Cordes sent an email to Defendant's counsel stating:

> "Your responses to our interrogatories and your initial disclosures are overdue. By Friday, please give me a date certain within the next week in which we may expect responses. I'm available to discuss these matters anytime today or tomorrow. Your anticipated cooperation in this regard is appreciated."

Cinamaker's counsel responded with an email that completely ignored the discovery obligations and instead attempted to deflect by discussing the merits of the case:

> "James, please see email below, which makes it pretty clear that your client understood the deferred comp was accrued in stock. Does your client still want to deal with this litigation? Thanks Joe"

On May 16, 2025, Mr. Baker's counsel responded, again attempting to obtain compliance with discovery obligations:

> "We do intend to continue, thank you. Please advise as to when we can receive Cinamaker's overdue discovery responses and initial disclosures. I would also put the same question to your client about the baseless theft claim, given there is no evidence of any intent to

permanently deprive anybody of anything. Depending upon what is stated in Cinamaker's forthcoming discovery responses, we may have to see Rule 11 relief with respect to that claim. If you would like to discuss this further, please let me know a couple days and times when you are available for a call."

Since that time, Cinamaker's counsel has provided no response and has made no effort to comply with discovery obligations or even provide a timeline for compliance.

### D.    Cinamaker's failure to respond warrants compelled discovery and sanctions.

Cinamaker's complete failure to respond to properly served discovery requests, despite repeated requests for compliance, demonstrates a clear disregard for its obligations under the Federal Rules of Civil Procedure. Such conduct necessitates this Court's intervention to compel proper responses and to impose appropriate sanctions.

The federal rules contemplate liberal discovery, and parties have broad rights to obtain relevant, non-privileged information. *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). Cinamker's stonewalling tactics thwart the objectives of

discovery and delay the resolution of this matter.

The failure to respond to discovery requests at all is distinguishable from inadequate responses and warrants swift judicial intervention. Unlike cases involving objections to specific discovery requests, Cinamaker here has simply ignored its obligations entirely.

## **CONCLUSION**

Mr. Baker has attempted to work with Cinamaker to obtain proper responses without bothering this Court with a Motion to Compel. These efforts have been met with deflection and non-compliance. Cinamaker's complete failure to respond to discovery requests and to provide required initial disclosures necessitates this Court's intervention.

Mr. Baker respectfully requests that this Court:

1.      Grant this Motion to Compel and order Cinamaker to provide complete and proper responses to all outstanding discovery requests within fourteen (14) days of the Court's order;

2.      Order Cinamaker to provide the initial disclosures required under Fed. R. Civ. P. 26(a)(1) within fourteen (14) days of the Court's order;

3.      Award Mr. Baker his reasonable expenses incurred in making this

motion, including attorney's fees, as provided by Fed. R. Civ. P. 37(a)(5); and

4.      Grant such other relief as the Court deems just and appropriate given

the circumstances.

Dated:      June 2, 2025                       James H. Cordes and Associates

                                               By /s/ *James H. Cordes*
                                               James H. Cordes (CA Bar #175398)
                                               *Admitted pro hac vice*
                                               James H. Cordes and Associates
                                               1335 State Street
                                               Santa Barbara, California 93101
                                               (805) 965-6800


### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1D

I hereby certify that the foregoing pleading was prepared with the Times

New Roman font in 14-point type that conforms with Northern District of Georgia

Local Rule 5.1C.

Dated:      June 2, 2025                       James H. Cordes and Associates

                                               By /s/ *James H. Cordes*
                                               James H. Cordes (CA Bar #175398)
                                               *Admitted pro hac vice*
                                               James H. Cordes and Associates
                                               1335 State Street
                                               Santa Barbara, California 93101
                                               (805) 965-6800

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been

electronically filed using the Court's CM/ECF system which will serve a

true and correct copy of same upon all counsel of record.

Dated:        June 2, 2025                    James H. Cordes and Associates

By /s/ *James H. Cordes*
James H. Cordes (CA Bar #175398)
*Admitted pro hac vice*
James H. Cordes and Associates
1335 State Street
Santa Barbara, California 93101
(805) 965-6800

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CINAMAKER, INC., | ) | Case No. 1:23-cv-05542-TWT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY BAKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | Case No. 1:24-cv-03485 |
| GARY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CINAMAKER, INC., BENJAMIN | ) | |
| NOWAK, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GARY BAKER'S INTERROGATORIES TO PLAINTIFF CINAMAKER, INC. (SET ONE)

COMES NOW, Gary Baker, Defendant in the above-styled action ("Mr.

Baker" or "Defendant"), and pursuant to Fed.R.Civ.P. 33, serves upon Plaintiff

these First Interrogatories ("Interrogatories"). Each Interrogatory shall be

answered separately and fully, in writing, under oath within the time set by statute.

1

## Definitions and Instructions

a.      The terms "document" and "documents" have the same meaning as the term "documents or electronically stored information" in Fed. R. Cv. P. 34, and include writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. A draft or non-identical copy is a separate document within the meaning of the term "document.

b.      "You," "Your," "Plaintiff," or "Cinamaker" shall mean Plaintiff Cinamaker, Inc, its present and former officers, agents, and employees, and all other persons acting on its behalf.

c.      "Relating to" and "relate to" means, without limitation, embodying, mentioning, concerning, or referring to, directly or indirectly, the subject matter identified in the request.

d.      "Defendant" or "Mr. Baker" shall mean Defendant Gary Baker.

e.      "Complaint" refers to the Complaint filed on December 4, 2023 in this case.

f.      The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render these definitions and instructions or the discovery request more inclusive.

g.      If you believe that any discovery request is overly broad or unduly vague, you are instructed to respond to the discovery request to the extent it is not overly broad or unduly vague, and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

h.      References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

i.      The term "any" or "all" shall mean "any and all" or "each and every," and shall be construed to render the discovery request as inclusive as possible.

j.      Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

## **INTERROGATORIES**

1.      Identify all agreements, whether written or oral, between Cinamaker and Mr. Baker, including but not limited to the Offer Letter and Offer Memorandum referenced in paragraphs 13-16 of the Complaint.

2.      For each agreement identified in response to Interrogatory No. 1, state the date of execution, all parties to the agreement, and the material terms.

3

3.      For each written agreement identified in response to Interrogatory No. 1, state the current location of the document.

4.      Describe in detail how Cinamaker tracked Mr. Baker's deferred compensation in stock, as alleged in paragraph 18 of the Complaint.

5.      Identify all persons responsible for tracking Mr. Baker's deferred compensation in stock during his employment with Cinamaker.

6.      Describe how and when Cinamaker communicated to Mr. Baker that his deferred compensation was being tracked in stock.

7.      Identify the location of all documents reflecting the tracking of Mr. Baker's deferred compensation in stock.

8.      Identify each monthly report of "accrued value" provided to Mr. Baker as referenced in paragraph 16 of the Complaint.

9.      For each monthly report identified in response to Interrogatory No. 8, state the method by which it was delivered to Mr. Baker.

10.     Identify all persons who prepared the monthly reports of "accrued value" referenced in paragraph 16 of the Complaint.

11.     State with specificity the complete factual basis for Your contention that "there was never any mutual agreement between the parties to pay cash for the deferred compensation" as alleged in paragraph 17 of the Complaint.

12.     For each piece of equipment identified in paragraph 21 of the Complaint, state when and how it was provided to Mr. Baker.

13.     For each piece of equipment identified in paragraph 21 of the Complaint, state its current fair market value.

14.     Ientify all documents showing Cinamaker's ownership of the equipment identified in paragraph 21 of the Complaint.

15.     Describe in detail all "proprietary and confidential company information" that You contend is on the MacBook Pro referenced in paragraphs 22-23 of the Complaint.

16.     Identify all persons who created the "proprietary and confidential company information" referenced in paragraphs 22-23 of the Complaint.

17.     Identify all communications between Cinamaker and Mr. Baker regarding the return of equipment between August 2023 and the filing of this lawsuit.

18.     State with specificity the complete factual basis for Your contention that Mr. Baker has "acted in bad faith" as alleged in paragraph 46 of the Complaint.

19.     Identify all instances of Mr. Baker's travel to Georgia referenced in paragraph 7 of the Complaint.

20.    Identify all meetings in Georgia that Mr. Baker attended with contractors and investors as referenced in paragraph 7 of the Complaint.

21.    State the total amount of deferred compensation You contend Mr. Baker accrued during his employment with Cinamaker.

22.    Describe how the total amount of Mr. Baker's deferred compensation was calculated.

23.    Describe in detail all attempts by Cinamaker to mutually agree with Mr. Baker on the form of deferred compensation between September 2017 and August 2023.

24.    Describe how the Company Capitalization Table referenced in paragraph 42 showed Mr. Baker's deferred compensation in stock.

25.    Identify all persons involved in tracking, recording, or communicating with Mr. Baker about his deferred compensation between September 2017 and August 2023.

Dated:        April 16, 2025            James H. Cordes and Associates

By /s/ *James H. Cordes*
James H. Cordes (CA Bar #175398)
*Admitted pro hac vice*
James H. Cordes and Associates
1335 State Street
Santa Barbara, California 93101
(805) 965-6800

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1D</u>

I hereby certify that the foregoing pleading was prepared with the Times

New Roman font in 14-point type that conforms with Northern District of Georgia

Local Rule 5.1C.

Dated:      April 16, 2025                 James H. Cordes and Associates

                                            By <u>/s/ *James H. Cordes*</u>
                                            James H. Cordes (CA Bar #175398)
                                            *Admitted pro hac vice*
                                            James H. Cordes and Associates
                                            1335 State Street
                                            Santa Barbara, California 93101
                                            (805) 965-6800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been

electronically served via e-mail on all counsel of record.

Dated:      April 16, 2025                 James H. Cordes and Associates
                                            By <u>/s/ *James H. Cordes*</u>
                                            James H. Cordes (CA Bar #175398)
                                            *Admitted pro hac vice*
                                            James H. Cordes and Associates
                                            1335 State Street
                                            Santa Barbara, California 93101
                                            (805) 965-6800

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CINAMAKER, INC., | ) | Case No. 1:23-cv-05542-TWT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY BAKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | Case No. 1:24-cv-03485 |
| GARY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CINAMAKER, INC., BENJAMIN | ) | |
| NOWAK, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GARY BAKER'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CINAMAKER, INC. (SET ONE)

COMES NOW, Gary Baker, Defendant in the above-styled action ("Mr. Baker" or "Defendant"), and pursuant to Fed.R.Civ.P. 34, serves upon Plaintiff these First Request for Production of Documents ("RQP's"). Each RQP shall be answered separately and fully, in writing, under oath within the time set by statute.

1

## **Definitions and Instructions**

a.      In responding to the following RQP's, you are to produce all documents and electronically stored information ("ESI") that are in your possession, custody, or control, or that are in the possession, custody, or control of any of your representatives, agents, predecessors-in-interest, successors, subsidiaries, parents, experts, attorneys, or persons consulted related to or related to any matters relating to the facts or issues involved in this case.

b.      "You," "Your," "Plaintiff," or "Cinamaker" shall mean Plaintiff Cinamaker, Inc, its present and former officers, agents, and employees, and all other persons acting on its behalf.

c.      "Relating to" and "relate to" means, without limitation, embodying, mentioning, concerning, or referring to, directly or indirectly, the subject matter identified in the request.

d.      "Defendant" or "Mr. Baker" shall mean Defendant Gary Baker.

e.      "Complaint" refers to the Complaint filed on December 4, 2023 in this case.

f.      The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render these definitions and instructions or the discovery request more inclusive.

2

g.     If you believe that any discovery request is overly broad or unduly vague, you are instructed to respond to the discovery request to the extent it is not overly broad or unduly vague, and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

h.     References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

i.     The term "any" or "all" shall mean "any and all" or "each and every," and shall be construed to render the discovery request as inclusive as possible.

j.     Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

k.     Where any request for documents or ESI is not answered because of any objection or any claim of privilege, identify the RQP or portion thereof and the nature of the objection asserted, and provide the following information:

1.     The type of document;

2.     Subject matter of the document;

3.     Date of the document;

4.     Such other information as is sufficient to identify the document,

3

including the author(s) of the document, and all recipients; and

      e.      Each and every basis upon which privilege is claimed or upon which the document is otherwise withheld.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents comprising or reflecting agreements between Cinamaker and Gary Baker, including but not limited to the Offer Letter referenced in paragraph 13 of the Complaint and the Offer Memorandum referenced in paragraph 15 of the Complaint.

2.      Any and all documents reflecting or relating to Mr. Baker's compensation, including both cash compensation and deferred compensation, during his employment with Cinamaker.

3.      Any and all documents comprising or reflecting Company Capitalization Tables referenced in paragraph 42 of the Complaint that show or reflect Mr. Baker's deferred compensation in stock, including all versions and drafts..

4.      Any and all documents comprising or reflecting monthly reports of "accrued value" provided to Mr. Baker as referenced in paragraph 16 of the Complaint.

5.    Any and all documents comprising or reflecting communications between Cinamaker and Mr. Baker regarding his deferred compensation from September 2017 through the present.

6.    Any and all documents reflecting or relating to any mutual agreement or attempts to reach mutual agreement regarding the form of Mr. Baker's deferred compensation.

7.    Any and all documents establishing Cinamaker's ownership of the equipment identified in paragraph 21 of the Complaint , including but not limited to purchase orders, receipts, invoices, and asset registers.

8.    Any and all documents comprising or reflecting communications between Cinamaker and Mr. Baker regarding the return of equipment from August 2023 through the present.

9.    Any and all documents comprising or reflecting pre-paid shipping labels provided to Mr. Baker for the return of equipment, as referenced in paragraphs 24-25 of the Complaint.

10.    Any and all documents comprising or reflecting Mr. Baker's use of pre-paid shipping labels provided to him for the return of equipment, as referenced in paragraphs 24-25 of the Complaint.

11.    Any and all documents reflecting or relating to Mr. Baker's travel to

Georgia and meetings with contractors and investors in Georgia, as referenced in paragraph 7 of the Complaint.

12.    Any and all documents describing or reflecting the proprietary and confidential company information that Cinamaker contends is on the MacBook Pro referenced in paragraphs 22-23 of the Complaint , including but not limited to business plans, financial plans, historical corporate records, cap tables, and product roadmaps.

13.    Any and all documents reflecting or relating to the confidential or proprietary nature of the information referenced in paragraphs 22-23 of the Complaint.

14.    Any and all documents reflecting or relating to Cinamaker's tracking of Mr. Baker's deferred compensation in stock, as alleged in paragraph 18 of the Complaint.

15.    Any and all documents comprising or reflecting communications between Cinamaker employees regarding Mr. Baker's deferred compensation from September 2017 through the present.

16.    Any and all documents reflecting or relating to the current fair market value of the equipment identified in paragraph 21 of the Complaint.

17.    Any and all documents comprising or reflecting board minutes,

resolutions, or other corporate documents discussing or relating to Mr. Baker's compensation or deferred compensation.

18.     Any and all documents reflecting or relating to any policies or procedures regarding company equipment provided to employees or contractors.

19.     Any and all documents reflecting or relating to Mr. Baker's delivery to Plaintiff of equipment identified in paragraph 21 of the Complaint.

20.     Any and all documents reflecting or relating to Cinamaker's calculation of the total amount of deferred compensation allegedly owed to Mr. Baker.

21.     Any and all documents comprising or reflecting communications between Cinamaker and any third parties regarding Mr. Baker's compensation or deferred compensation.

Dated:      April 16, 2025                James H. Cordes and Associates

By /s/ *James H. Cordes*
James H. Cordes (CA Bar #175398)
*Admitted pro hac vice*
James H. Cordes and Associates
1335 State Street
Santa Barbara, California 93101
(805) 965-6800

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1D

I hereby certify that the foregoing pleading was prepared with the Times New Roman font in 14-point type that conforms with Northern District of Georgia Local Rule 5.1C.

Dated:     April 16, 2025     James H. Cordes and Associates

By /s/ *James H. Cordes*
James H. Cordes (CA Bar #175398)
*Admitted pro hac vice*
James H. Cordes and Associates
1335 State Street
Santa Barbara, California 93101
(805) 965-6800

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically served via e-mail on all counsel of record.

Dated:     April 16, 2025     James H. Cordes and Associates

By /s/ *James H. Cordes*
James H. Cordes (CA Bar #175398)
*Admitted pro hac vice*
James H. Cordes and Associates
1335 State Street
Santa Barbara, California 93101
(805) 965-6800

**James Cordes**

| | |
|---|---|
| **From:** | James Cordes <jim@jamescordes.com> |
| **Sent:** | Friday, May 16, 2025 1:29 PM |
| **To:** | 'Lavigne, Joseph' |
| **Cc:** | 'Forestner, David'; 'cblegare@law-llc.com'; 'ajc@jamescordes.com' |
| **Subject:** | RE: [EXTERNAL] 1:23-cv-05542-TWT Cinamaker v. Baker, overdue discovery responses and initial disclosures |

We do intend to continue, thank you. Please advise as to when we can receive Cinamaker's overdue discovery responses and initial disclosures. I would also put the same question to your client about the baseless theft claim, given there is no evidence of any intent to permanently deprive anybody of anything. Depending upon what is stated in Cinamaker's forthcoming discovery responses, we may have to see Rule 11 relief with respect to that claim.

If you would like to discuss this further, please let me know a couple days and times when you are available for a call.

James H. Cordes, Esq.
James H. Cordes and Associates
1335 State Street
Santa Barbara, CA 93101
(805) 965-6800
Direct (805) 961-5318
www.jamescordes.com
-------------------------------------

This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete this e-mail.

**From:** Lavigne, Joseph <jlavigne@joneswalker.com>
**Sent:** Thursday, May 15, 2025 2:48 PM
**To:** James Cordes <jim@jamescordes.com>
**Cc:** Forestner, David <dforestner@joneswalker.com>; cblegare@law-llc.com; ajc@jamescordes.com
**Subject:** Re: [EXTERNAL] 1:23-cv-05542-TWT Cinamaker v. Baker, overdue discovery responses and initial disclosures

James, please see email below, which makes it pretty clear that your client understood the deferred comp was accrued in stock. Does your client still want to deal with this litigation?

Thanks
Joe

---------- Forwarded message ---------
From: **Gary Baker**<gary@cinamaker.net>
Date: Thu, Mar 1, 2018 at 11:55 AM
Subject: Re: Cinamaker Stock for Gary
To: Benjamin Nowak <benjamin@cinamaker.net>

This is a very kind and wonderful offer. I am pleased and honored. I look forward to working through the details with CFO/CPA sooner than later. Quick question: I imagine this is separate from the equity that is being earned and accrued in lieu of wages?

Thanks again, Ben!

Gary


Gary Baker
SVP, Corporate Development
Cinamaker, Inc.
www.cinamaker.net
gary@cinamaker.net
818-707-1706

Try Cinamaker for Free: Download Now
Join us: Web | Facebook | Instagram | Twitter | YouTube

Sent from my iPhone


> On May 15, 2025, at 12:54 PM, James Cordes <jim@jamescordes.com> wrote:
>
> Your responses to our interrogatories and your initial disclosures are overdue. By Friday, please give me a date certain within the next week in which we may expect responses. I'm available to discuss these matters anytime today or tomorrow.
>
> Your anticipated cooperation in this regard is appreciated.
>
> James H. Cordes, Esq.
> James H. Cordes and Associates
> 1335 State Street
> Santa Barbara, CA 93101
> (805) 965-6800
> Direct (805) 961-5318
> www.jamescordes.com
> ------------------------------------
> This e-mail may contain confidential and privileged material for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete this e-mail.